Edward BRINEY and Bertha L. Briney,
Appellants,

v.

Marvin KATKO, Appellee.

No. 54957.

Supreme Court of Iowa.

May 11, 1972.

---

Howard S. Life, Bruce A. Palmer, and Charles A. Stream, Oskaloosa, for appellants.

Garold F. Heslinga, Oskaloosa, for appellee.

HARRIS, Justice.

The question is whether a judgment may be subject to collateral attack in district court after having been affirmed on appeal. The trial court determined it could not. We affirm.

After the filing of our opinion in Katko v. Briney, 183 N.W.2d 657 (Iowa 1971), the unsuccessful defendants brought this equity action in district court. Herein they sought an injunction restraining Katko, the successful plaintiff in the earlier case, from enforcing his judgment. The facts in this appeal are of course identical to those outlined in some detail in Katko v. Briney, supra. No further elaboration is appropriate here. The trial court was asked in effect to reverse this court in the earlier case.

Katko, as defendant in this case, promptly filed a motion to dismiss. This appeal is from the action of the trial court in sustaining the motion.

I. The Brineys cite familiar and well established authority for the proposition that equity may enjoin collection of a judgment. This is citation of good law for

a bad purpose. The right to injunctive relief restraining the collection or enforcement of judgments is given to protect against frauds. It has no application to cases where the judgment challenged has been affirmed on appeal.

■ "Generally, where a final judgment of the lower court is affirmed on appeal in all its parts and the case is not remanded to the lower court for further proceedings, the controversy is at an end * * * the rights of the parties * * * are conclusively adjudicated." 5B C.J.S. Appeal and Error § 1857, page 294. See also 5 Am. Jur.2d, Appeal and Error, section 934, page 361.

■ The scant authority available from all jurisdictions seems unanimous a trial court is without power to enjoin the enforcement of its judgment after an affirmance on appeal. See annotation at 85 A. L.R.2d 772. Iowa cases are in accord. Jersild v. Sarcone, 163 N.W.2d 78 (Iowa 1968); Back v. Back, 148 Iowa 223, 125 N.W. 1009, L.R.A.1916C, 752.

■ II. Besides rearguing the matters raised in the earlier appeal, the Brineys urge a reversal on the claim a motion to dismiss was inappropriate. They insist the defense of res judicata is an affirmative defense not to be raised by a motion to dismiss. However a motion to dismiss admits only well pleaded facts. Winneshiek Mutual Insurance Association v. Roach, 257 Iowa 354, 132 N.W.2d 436. The motion sustained in this case sufficiently raised all issues referred to herein. It was appropriate under the circumstances as a proper procedural vehicle to Katko. The trial court was manifestly right in sustaining the motion and in dismissing a transparent and wholly improper attempt to reargue and relitigate those matters settled in the earlier appeal.

Affirmed.

All Justices concur, except McCORMICK, J., who takes no part.