Charles HARROP, Individually and Patty Harrop, a minor by her father and next friend, Charles Harrop, Appellants,

v.

Nancy KELLER and Bea Spurgin, a partnership d/b/a Brown's Tap, Appellees.

No. 58670.

Supreme Court of Iowa.

May 25, 1977.

Seymore M. Raben, Davenport, for appellants.

John J. Carlin, Carlin & Darbyshire, Davenport, for appellees.

Ralph D. Sauer, Davenport, for appellee Bea Spurgin.

Submitted to MOORE, C. J., and Le-GRAND, UHLENHOPP, REYNOLDSON and HARRIS, JJ.

HARRIS, Justice.

In this dram shop action the petition and its amendments were challenged by a series of motions to dismiss. The central issue is a claimed violation of the notice requirement of § 123.93, The Code. The trial court held the notice requirement had not been met and dismissed the petition. On plaintiff's appeal we reverse the trial court and remand.

The factual background as shown by the allegations of plaintiff's petition is as follows:

On June 23, 1972 Charles Harrop (plaintiff) (for convenience plaintiffs, whose claims arise through the same incident, will be referred to in the singular) was a paying customer in a tavern owned by Nancy Keller and Bea Spurgin (defendants). Another customer in the tavern at the time was Terry Logan. Plaintiff alleges Logan was served intoxicating liquors by defendants' employees to the point where he was intoxicated. It is alleged defendants knew or reasonably should have known Logan had consumed intoxicating liquors to the point of intoxication.

While in the tavern plaintiff was stabbed by Logan. As a result of the stabbing plaintiff suffered substantial internal injuries which caused his hospitalization, with the exception of two weeks, from the date of injury to December 28, 1972. The two weeks plaintiff was not hospitalized were over the Thanksgiving holiday and he remained incapacitated during that period.

Plaintiff's petition was filed January 22, 1973, more than six but less than seven months after the injury. On February 13, 1973 defendants filed a motion to dismiss, contending plaintiff had failed to allege notice was given to defendants within six

months of the injuries as required by § 123.-93. The trial court apparently never ruled on this motion.

On February 22, 1973 plaintiff filed an amendment to his petition alleging incapacitation prevented the timely filing of notice. The amendment further alleged service of original notice with petition attached was itself notice within a reasonable time.

On March 8, 1973 defendants filed a motion to dismiss, to strike, and for more specific statement, asserting insufficient facts were alleged in plaintiff's petition as amended to satisfy § 123.93.

On May 9, 1973 the trial court sustained the motion to dismiss holding (1) notice must be given and (2) plaintiff failed to allege sufficient facts to show the injury prevented him from giving notice, " * * * with leave granted plaintiff to amend such petition to allege facts sustaining a cause of action, within 20 days of the date of this order."

On May 15, 1973 plaintiff filed a second amendment. This amendment added a paragraph asserting he was incapacitated during the six month period for notice and alleged he filed the action within a reasonable time after his incapacity. The amendment asserted the incapacity resulted from the necessity of recuperation from the injury caused as a result of the knifing and the hospitalization and treatment necessary in attempting to cure the same. On June 12, 1973 the trial court, on defendants' motion, dismissed the petition, holding plaintiff had failed to plead any additional facts. In the order of dismissal the trial court provided: " * * * Plaintiffs shall have ten days from the date of this order to file additional amendments, if any, as he so elects."

On June 14, 1973 plaintiff filed a third amendment to the petition. The third amendment was similar to the second but added a phrase stating hospitalization made it impractical and unreasonable for him to attempt to hire and counsel with an attorney. On June 27, 1973 defendants moved to dismiss the amended petition for the same reasons alleged in their earlier motions to

dismiss. For some reason this motion was not ruled upon until August 19, 1975, at which time the trial court sustained the motion and dismissed the petition on the ground plaintiff failed to give notice as required by § 123.93.

I. It is appropriate to first consider defendants' threshold contention that the order dismissing the petition as amended the third time is not an appealable order. Defendants believe the third amendment was essentially identical to the second. They argue the only addition was the phrase "and did make impractical and unreasonable any attempts to hire and counsel with an attorney of his choice." Defendants believe this phrase is at best a conclusion of the pleader and alleged no additional facts to sustain the claim of incapacitation. Defendants rely on *Union Trust & Sav. Bank v. Stanwood Feed & Grain, Inc.,* 158 N.W.2d 1, 3 (Iowa 1968).

Defendants contend the ruling sustaining the motion to dismiss the petition as amended the third time was not a final order because the ruling sustaining the previous motion to dismiss was a final order. They argue:

" * * * A continual repleading of the same facts for submission to different judges with the apparent hope that another individual might view the matter differently should not be condoned. Expeditious determination of the controversy is not assuaged by such procedure. It is submitted that the way for plaintiff to determine whether he had alleged sufficient facts as stated in the second amendment was by a timely appeal from the alleged erroneous order. He did not do so and should not be able to raise this issue now."

We do not believe the ruling sustaining the motion to dismiss the second amended petition was a final order. It is to be noted the trial court granted plaintiff leave to amend his petition in order to avoid dismissal.

Our cases are legion on the crucial question of whether a trial court order is final (and appropriate for appeal under rule 331, Rules of Civil Procedure) or is interlocutory (for which permission to appeal must be obtained under rule 332). The special question presented here is the effect upon an otherwise final order of an included provision granting the losing party permission to replead. Our cases hold the answer depends on whether the losing party takes advantage of the permission granted. If the party repleads such an order is not considered final; if the losing party does not replead the order is final. *Winneshiek Mutual Ins. Assn. v. Roach,* 257 Iowa 354, 359, 132 N.W.2d 436, 439–440 (1965). See also *Murphy v. First Nat. Bank of Chicago,* 228 N.W.2d 372, 375 (Iowa 1975); *Halvorson v. City of Decorah,* 257 Iowa 453, 456, 133 N.W.2d 232, 233 (1965); *Wernet v. Jurgensen,* 241 Iowa 833, 835–836, 43 N.W.2d 194, 196 (1950); *Wright v. Copeland,* 241 Iowa 447, 449–450, 41 N.W.2d 102, 103–104 (1950); 4 C.J.S. Appeal and Error § 116, pp. 332–333; 4 Am.Jur.2d, Appeal and Error, § 101, pp. 616–618.

Plaintiff in the instant case elected not to stand on the second amended petition after the ruling sustaining the motion to dismiss. Rather he elected to plead further. It cannot be said he acted in bad faith. It is no reflection on plaintiff that some two years passed before the trial court ruled on the sufficiency of the third amendment to the petition. The responsibility for prompt and orderly rulings is upon the trial court, not upon the parties or counsel. Rule 117, R.C.P.

After plaintiff's third amended petition was dismissed he was given no permission to, and did not seek to, plead further. Consequently the only dismissal which was a final order was the one from which this appeal was taken.

We do not believe defendants' reliance on *Union Trust & Sav. Bank,* supra, is well placed. We believe the wording of plaintiff's third amendment is sufficiently different from the wording of the second amendment to demonstrate a good faith attempt to correct deficient pleadings under rule 86, R.C.P. There is nothing to indicate otherwise. It is true, under *Union Trust &*

*Sav. Bank,* rule 86 was not intended to permit a party to match his will against the will of the trial court. On the other hand rule 86 was intended to provide every reasonable opportunity for correction. If a party must fear loss of his appeal rights for pleading further it cannot be said immediate correction is encouraged.

Defendants' contention the ruling appealed from was not an appealable order is without merit.

II. Plaintiff contends the trial court erred in dismissing his petition for failure to give written notice as required by § 123.-93, The Code. The section provides in material part:

"Within six months of the occurrence of an injury, the injured person shall give written notice to the licensee or permittee or [their insurer] of his intention to bring an action under this section, indicating the time, place and circumstances causing the injury. Such six months' period shall be extended if the injured party is incapacitated at the expiration thereof * * * until such time as such incapacity is removed * * *."

█ It is to be noted the section calls for notice within six months. The six month period may be extended for some unspecified time for some unspecified degree of incapacitation. Two questions control plaintiff's assignment of error. Did plaintiff sufficiently allege incapacitation? Is bringing suit itself sufficient notice?

*Did plaintiff sufficiently allege incapacitation?* Since notice was not given within six months plaintiff seeks advantage of the extension § 123.93 accords in cases of incapacitation. The parties dispute whether plaintiff alleged ultimate facts amounting to incapacitation.

█ Without question plaintiff was required to plead ultimate facts as distinguished from mere conclusions. *Lattimer v. Frese,* 246 N.W.2d 255, 258 (Iowa 1976); *Miller v. Scholte,* 191 N.W.2d 773, 777 (Iowa 1971); *Hagenson v. United Telephone Company,* 164 N.W.2d 853, 855 (Iowa 1969). To claim incapacity under this section plaintiff

must assert a condition which renders him incapable of doing those things reasonably necessary for a layman to commence suit. We believe this petition as finally amended pleads sufficient ultimate facts to allege incapacitation.

Plaintiff alleges he was hospitalized in Iowa City from soon after the injury to December 28 or 29, 1972 with the exception of approximately two weeks during Thanksgiving. Plaintiff further alleges during that two week period he was home but incapacitated. Thus the allegation of hospitalization is almost continuous and the allegation of incapacitation is continuous.

█ The statute does not spell out the degree of incapacitation required for extension. We believe the legislature intended that claims of incapacitation be resolved on the basis of reasonableness. We think the section seeks to free the injured party from concerning himself with litigation until he is reasonably able to counsel with his attorney. Plaintiff alleged incapacitation sufficient to prevent him a reasonable opportunity to counsel with his attorney. No greater incapacitation is required under § 123.93.

*Is bringing the suit itself sufficient notice?* As a necessary prerequisite to bringing suit plaintiff caused an original notice to be served upon defendants. A copy of the petition was attached to the original notice, pursuant to rule 50, R.C.P. This was the only notice plaintiff gave defendants.

The purpose of the notice requirement of § 123.93 becomes important. Some light on that purpose can be shed by our pronouncements interpreting a somewhat analogous statute, § 613A.5, The Code. It requires a written notice to a municipality before a tort suit may be brought against it. The purpose for the § 613A.5 notice is to provide a method for prompt communication of the time, place and circumstances of injury in order to accord the prospective defendant the opportunity to investigate while the facts are fresh. *Lunday v. Vogelmann,* 213 N.W.2d 904, 907 (Iowa 1973); *Norland v.*

*Mason City,* 199 N.W.2d 316, 318 (Iowa 1972).

██ Notwithstanding certain drafting differences between § 613A.5 and § 123.93 we believe the purpose behind each notice requirement is the same. The bringing of the suit itself accords a dram shop operator every advantage any other notice would. There are only three matters required for inclusion in the notice by § 123.93. The notice must indicate the time, place, and circumstances causing the injury. Plaintiff's petition notified defendants of all these matters. To require some type of notice to precede the bringing of suit under these circumstances would be a meaningless formality. We hold bringing the suit was itself sufficient notice under § 123.93.

██ We need not determine in the instant case how long an extension may be granted for incapacitation under § 123.93. Whatever the exact answer may be plaintiff surely falls within the time constraint. Suit was brought promptly after plaintiff was released from the hospital. The approximate three week period is surely within the statutory extension, especially when it is remembered plaintiff's incapacitation was uninterrupted from the date of his injury until his release from the hospital.

III. It is unnecessary to consider plaintiff's claim § 123.93 violates Amendment 14 of the United States Constitution and Art. I, § 6, the Iowa Constitution. This issue is rendered moot by reason of our determination in division II hereof.

The judgment of the trial court is reversed and the case remanded for further proceedings.