Rick ARNOLD, Appellant,

v.

Joseph H. LANG, d/b/a Joe Lang's Tap, Appellee.

No. 2–59164.

Supreme Court of Iowa.

Nov. 23, 1977.

Seymore M. Raben, Davenport, for appellant.

Gerry M. Rinden, of Klockau, McCarthy, Lousberg, Ellison & Rinden, Rock Island, Ill., for appellee.

Submitted to MOORE, C. J., and RAWLINGS, REES, UHLENHOPP and McCORMICK, JJ.

RAWLINGS, Justice.

Plaintiff appeals from pretrial dismissal of his dram shop action for failure to comply with the claim notice provision of Section 123.93, The Code 1973. We affirm.

September 14, 1974, plaintiff, Rick Arnold (Arnold), was injured in an altercation with two other patrons at a tavern operated by defendant, Joseph H. Lang (Lang). Arnold subsequently retained attorneys Carlin and Darbyshire to represent him with regard to the incident. However, these lawyers soon withdrew upon discovering they represented Iowa Mutual Insurance Company of DeWitt (Iowa Mutual), with whom Lang apparently had some insurance coverage.

Arnold later engaged the services of other attorneys who in turn notified Iowa Mutual of their representation as to the September 14th incident. July 29, 1975, Arnold sent a "formal writing" to Iowa Mutual.

Sometime thereafter Arnold discovered Lang's dram shop liability carrier was Merchant's Mutual Bonding Company (Merchant's Mutual), not Iowa Mutual. August 11, 1975, or almost eleven months after the event Arnold forwarded a written claim notice to Merchant's Mutual.

October 13, 1975, Arnold filed a petition seeking recovery from Lang for injuries suffered as a result of the above noted dram shop affray. In relevant part plaintiff thereby sought redress under Code § 123.92.

By a December 10, 1975, amendment to his petition, Arnold alleged he had given full and adequate notice of his injury-related claim as required by § 123.93, and in support thereof affirmatively related the foregoing factual situation. Lang nevertheless moved to dismiss Arnold's dram shop action for failure to give a timely and appropriate claim notice. Specifically, Lang alleged no such written notification had been given him or Merchant's Mutual within six months of the incident.

In resisting Lang's dismissal motion Arnold asserted § 123.93 violates equal protection and due process clauses of the Fourteenth Amendment.

January 13, 1976, trial court sustained Lang's aforesaid motion. This appeal followed.

Plaintiff here poses these two basic issues:

(1) Did trial court err in dismissing Arnold's petition for noncompliance with § 123.93?

(2) Is § 123.93 violative of due process or equal protection?

I. Where, as here, a defendant's pretrial motion to dismiss has been sustained we construe pleadings in a light most favorable to plaintiff, with doubts resolved in his favor, and accept challenged allegations as true. *Weber v. Madison*, 251 N.W.2d 523, 525 (Iowa 1977); *Briney v. Katko*, 197 N.W.2d 351, 352 (Iowa 1972). However, trial court's conclusions of law and interpretation of pertinent statutes are not binding on appeal. *Westhoff v. American Interinsurance Exchange*, 250 N.W.2d 404, 408 (Iowa 1977); *Wolder v. Rahm*, 249 N.W.2d 630, 632 (Iowa 1977).

II. Trial court, in sustaining Lang's motion to dismiss, found proper notice had not been given to defendant or his insurance carrier as required by § 123.93, which states in relevant part:

"Within six months of the occurrence of an injury, the injured person shall give written notice to the licensee or permittee or such licensee's or permittee's insurance carrier of his intention to bring an action under this section, indicating the time, place and circumstances causing the injury."

Arnold contends his pleadings sufficed to generate a fact issue as to the timely giving of a § 123.93 claim notice. As best determinable he alternatively maintains any failure of literal compliance with the above quoted enactment should not be fatal because Lang had actual knowledge of the event, therefore he suffered no notice-absent harm.

He also asserts timely notice to defendant's general liability insurer sufficed. We disagree. Assuming, arguendo, Iowa Mutual was Lang's general liability carrier, the giving of a claim notice to that insurer would in no event be of any effect for purpose of the moment. Admittedly, § 123.93 contains the unqualified phrase *"insurance carrier"*. But these italicized words, when construed according to context and purpose of the enactment, must mean the dram shop insurance carrier. See Code §§ 4.1(2), 4.6, 123.92–123.94; Iowa Departmental Rules (Iowa Beer and Liquor Control Dept.) 8.1(123) (1973). Any other conclusion would be patently unreasonable and beyond the scope of legislative intent. See *State v. Berry*, 247 N.W.2d 263, 264 (Iowa 1976).

In response to Arnold's other above noted contentions Lang reads the record as conclusively demonstrating the former's fatal failure to follow § 123.93, heretofore quoted. Relying on the Municipal Tort Claims Act, ch. 613A, and interpretive case law, he contends substantial compliance with the notice provision is a condition precedent to Arnold's recovery right, unaffected by the latter's alleged actual knowledge. Lang additionally denies the record reveals any such awareness on his part.

At this point *Harrop v. Keller*, 253 N.W.2d 588 (Iowa 1977), comes into play. We there determined the presently involved claim notice requirement, extended due to

incapacitation, was fulfilled by timely service of an original notice. More to the point, this court said, 253 N.W.2d at 592–593:

"The purpose of the notice requirement of § 123.93 becomes important. Some light on that purpose can be shed by our pronouncements interpreting a somewhat analogous statute, § 613A.5, The Code. It requires a written notice to a municipality before a tort suit may be brought against it. The purpose for the § 613A.5 notice is to provide a method for prompt communication of the time, place and circumstances of injury in order to accord the prospective defendant the opportunity to investigate while the facts are fresh. *Lunday v. Vogelmann*, 213 N.W.2d 904, 907 (Iowa 1973); *Norland v. Mason City*, 199 N.W.2d 316, 318 (Iowa 1972).

"Notwithstanding certain drafting differences between § 613A.5 and § 123.93 we believe the purpose behind each notice requirement is the same."

In light of the foregoing, Lang's reliance on our analogous construction of ch. 613A is apt.

Pursuing the subject further, our Dram Shop Act (Code ch. 123) created a cause of action unknown to common law. *Wendelin v. Russell*, 259 Iowa 1152, 1154–1155, 147 N.W.2d 188, 190 (1966). That means § 123.93 must be accepted as a special statutory limitation qualifying a given right, not as a pure statute of limitations. Consequently, this statement in *Boyle v. Burt*, 179 N.W.2d 513, 515 (Iowa 1970), quoting from *Secrest v. Galloway Co.*, 239 Iowa 168, 173, 30 N.W.2d 793, 796 (1948) is instantly applicable:

" 'The legislature, having the power to create the right, may affix the conditions under which it is to be enforced, and a compliance with those conditions is essential. * * * It is the right to claim benefits under the act that is lost * * *.'

"Strictly speaking, a statute of limitation affects the remedy not the right. A

general limitation statute is defined * * * to be ' * * * the action of the state in determining that after a lapse of a specified time a claim shall not be enforceable in a judicial proceeding.' * * *

" 'A wide distinction exists between pure statutes of limitation and special statutory limitations qualifying a given right. In the latter instance time is made an essence of the right created, and the limitation is an inherent part of the statute, or agreement out of which the right in question arises, so that there is no right of action whatever independent of the limitation. A lapse of a statutory period operates, therefore to extinguish the right altogether.' "

See also *Lunday v. Vogelmann*, 213 N.W.2d at 907, and citations.

Consistent with the above quotes from *Harrop v. Keller* and *Boyle v. Burt*, the claim notice provision of § 123.93 must be deemed an inherent element of the new cause of action created by the legislature when it enacted our Dram Shop Act. Cf. *Sprung v. Rasmussen*, 180 N.W.2d 430, 433 (Iowa 1970).

■ However, substantial compliance with the notice provisions of § 613A.5 will suffice. As stated in *Vermeer v. Sneller*, 190 N.W.2d 389, 394–395 (Iowa 1971):

"The object of the statute must be kept in mind, and it should not be given a construction that will defeat the ends of justice. * * * Courts do not favor the defense of statute of limitations. * * We have been liberal in not requiring more than substantial compliance with the terms of the notice statute and its predecessor enactments. * * * The Michigan court in *Meredith v. City of Melvindale*, 381 Mich. 572, 579, 165 N.W.2d 7, 11 (1969) commented, 'This judicial policy favoring a liberal construction is based on the theory that the inexpert layman with a valid claim should not be penalized for some technical defect.' A rigid interpretation of this statute * * * does nothing to meet the purposes for which it was enacted but fur-

ther closes the trap on unwary claimants."

■ The same rationale must be deemed applicable to § 123.93 in light of our prior comparison of legislative purposes for the two notice provisions analogically discussed in *Harrop*, 253 N.W.2d at 592–593.

■ But Arnold did not substantially comply with pertinent statutory requirements. Only one writing was transmitted from Arnold to a representative of Iowa Mutual within the statutory six month period and it merely advised that substitute counsel "represent Mr. Rick Arnold with regards to an accident which occurred on September 14, 1974". Noticeably, this communication makes no reference to the place or circumstances under which plaintiff suffered his alleged injuries. Neither does it mention Lang's name nor express any intention by Arnold to bring a dram shop action against Lang. All such information was essential in order to qualify as a § 123.-93 notice. See *Harrop v. Keller*, 253 N.W.2d at 593; cf. *Rush v. Sioux City*, 240 N.W.2d 431, 437 (Iowa 1976). And the fact that these elements were contained in a letter sent to Iowa Mutual some four months *after* expiration of the statutory six month period cannot serve as an escape hatch for Arnold.

In summary, any purported § 123.93 notices by plaintiff were either (1) sent to the wrong party, (2) fatally deficient as to content, or (3) not timely given.

■ III. Adopting another approach, Arnold maintains Lang had actual knowledge of the action-based incident because it occurred in the latter's place of business. But this is an extraneous and factually unsupported assumption. Nothing in the record, by pleading or otherwise, even suggests Lang was personally aware of the claimed September 14, 1974, dram shop event at any time, more particularly within the § 123.93 time period. Furthermore, Lang's mere personal knowledge of the event would not alone serve to supply all informational elements which § 123.93 requires. Cf. *Rush v. Sioux City*, 240 N.W.2d at 437.

Arnold's present claim affords no basis for a reversal.

IV. Parenthetically, where a question is raised as to whether a § 123.93 claim notice has been given a jury issue is ordinarily engendered. See *Shasteen v. Sojka*, 260 N.W.2d 48 (Iowa, November 1977). But not so in the present case. Here, as aforesaid, plaintiff's petition affirmatively alleges facts disclosing as a matter of law his total failure to substantially comply with the statutory claim notice requirement. Cf. *Rush v. Sioux City, supra*.

V. Next to be resolved is plaintiff's constitutional attack on § 123.93.

As heretofore noted, Arnold raised this issue in his resistance to Lang's dismissal motion. However, the court below never addressed the matter in its adjudication and Arnold never moved for enlargement of findings and conclusions.

In that regard Iowa R.Civ.P. 179(b) provides:

"On motion joined with or filed within the time allowed for a motion for new trial, the findings and conclusions may be enlarged or amended and the judgment or decree modified accordingly or a different judgment or decree substituted."

And it is now well settled a rule 179(b) motion is essential to preservation of error when a trial court fails to resolve an issue, claim, defense or legal theory properly submitted for adjudication. *Michael v. Merchants Mut. Bonding Co.*, 251 N.W.2d 531, 533 (Iowa 1977); *Fjelland v. Wemhoff*, 249 N.W.2d 634, 638 (Iowa 1977); *Rector v. Alcorn*, 241 N.W.2d 196, 200 (Iowa 1976).

Due to the fact Arnold failed to preserve error as to the presently involved issue it is not entertained.

AFFIRMED.