Dezery ENOCHS, A Minor, by Lyle Enochs, Her Father and Guardian, Appellee,

and Lyle and Min Nam Enochs, on their own behalf, Plaintiffs,

v.

CITY OF DES MOINES, Defendant,

and Des Moines Independent Community School District, Appellant.

No. 65946.

Supreme Court of Iowa.

Jan. 20, 1982.

Edgar H. Bittle and Edward W. Remsburg of Ahlers, Cooney, Dorweiler, Haynie & Smith, Des Moines, for appellant.

James W. Carney and James S. Blackburn of Carney, Hudson, Williams & Green, Des Moines, for appellee.

Considered by REYNOLDSON, C. J., and McCORMICK, McGIVERIN, LARSON, and SCHULTZ, JJ.

REYNOLDSON, Chief Justice.

In this personal injury action we granted the Des Moines Independent Community School District's application for interlocutory appeal to consider trial court's partial denial of a motion for summary judgment. *See* Iowa R.App.P. 2(a).

November 19, 1979, Dezery Enochs, then six years old, was struck by a car and injured while walking home from one of district's elementary schools. She was hospitalized until February 15, 1980, with serious head injuries.

December 19, 1979, an attorney acting for Dezery and her parents made written notice to the City of Des Moines that the Enochses were making claims resulting from Dezery's injuries. This notice was intended to satisfy the requirements of section 613A.5, The Code. The district, however, was not provided written notice of the Enochses' claims against it until July 24, 1980. September 8, 1980, Dezery and her parents filed a four-count petition in district court against both the city and district. The counts against the city are not involved in this appeal.

Count IV of the petition was a claim by Lyle and Min Nam Enochs, on their own behalf as Dezery's parents, against the district. Trial court dismissed this count on district's motion for summary judgment, because district was not timely notified of the claim as required by section 613A.5, The Code. Lyle and Min Nam have not appealed that ruling. *See Harryman v. Hayles*, 257 N.W.2d 631, 636 (Iowa 1977).

Count II of the petition was Dezery's claim against the district. Trial court overruled district's motion for summary judgment on this count for the following reasons:

Dezery Enochs was incapacitated by her injuries. An issue of fact appears as to whether timely notice was given or the petition timely filed with regard to the incapacitation of Dezery Enochs. This is a fact question to be determined at trial.

District's contention that this ruling was erroneous is the only issue we reach in this appeal.

I. Iowa Rule of Civil Procedure 237(c) provides that summary judgment may be entered if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. District is entitled to judgment as a matter of law if Dezery's written notice did not meet the requirements of section 613A.5, The Code, because this action was not commenced within six months of Dezery's injury. *See Franks v. Kohl*, 286 N.W.2d 663, 665–66 (Iowa 1979); *Lattimer v. Frese*, 246 N.W.2d 255, 257–58 (Iowa 1976); *Goodwin v. City of Bloomfield*, 203 N.W.2d 582, 586 (Iowa 1973). Thus if the record before trial court did not generate a factual issue relating to Dezery's notice, we must reverse.

We apply the following rules to determine if there is an issue of material fact:

The trial court (and this court on review) must look at the whole record in

the light most favorable to the one against whom the motion is made. The moving party has the burden to show the absence of a fact issue. Even if the facts are undisputed, summary judgment is not appropriate if reasonable minds may draw different inferences from them. *Tasco, Inc. v. Winkel*, 281 N.W.2d 280, 282 (Iowa 1979). *E.g., Beeck v. Kapalis*, 302 N.W.2d 90, 93 (Iowa 1981); *Moser v. County of Black Hawk*, 300 N.W.2d 150, 151–52 (Iowa 1981). The record includes the pleadings, depositions, answers to interrogatories, admissions on file, affidavits, and, if appropriate, oral testimony. *Tasco*, 281 N.W.2d at 282; Iowa R.Civ.P. 237(c), (e).

II. Chapter 613A, The Code, controls tort actions against municipalities. A school district is a municipality within this statute. § 613A.1(1), The Code. Section 613A.5, The Code 1979, in relevant part provides:

> Every person who claims damages from any municipality ... for or on account of any ... injury within the scope of section 613A.2 or section 613A.8 or under common law shall commence an action therefor within six months, unless said person shall cause to be presented to the governing body of the municipality within sixty days after the ... injury a written notice stating the time, place, and circumstances thereof and the amount of compensation or other relief demanded. ... No action therefor shall be maintained unless such notice has been given and unless the action is commenced within two years after such notice. The time for giving such notice shall include a reasonable length of time, not to exceed ninety days, during which the person injured is incapacitated by his injury from giving such notice.

*Harryman v. Hayles*, 257 N.W.2d 631, 634–35 (Iowa 1977), reformed the last sentence of section 613A.5 so it should be read essentially as follows:

> The time for giving such notice shall include a reasonable length of time during which the person injured is incapacitated by his injury from giving such notice and sixty days following termination of such incapacitation.

Filing a petition is commencement of the action. Iowa R.Civ.P. 48, 55. Filing a petition may also serve as the 613A.5 written notice. *Harryman*, 257 N.W.2d at 636. However, it is uncontested that this action was not commenced within six months of the injury and written notice was not provided district within sixty days after the injury. Thus we are required to analyze the effect of Dezery's alleged incapacitation on the notice requirements of section 613A.5.

The district argues that Dezery's July 24, 1980, notice to it was untimely because her attorney notified codefendant city of the claim within thirty days of the accident. The district reasons that timely notice to its codefendant proves Dezery's incapacity did not prevent similar notice to it, and she should not be allowed to invoke the incapacitation toll. On review of this motion for summary judgment, we conclude that the district's initial position concedes the factual issue of incapacitation on the theory it is entitled to judgment as a matter of law notwithstanding Dezery's incapacitation.

III. Our case law and section 613A.5 refute the district's arguments. *Harryman* holds a person incapacitated by a municipality's tort has sixty days following termination of the incapacitation to give the section 613A.5 notice. *Harryman*, 257 N.W.2d at 635. The injured plaintiff in *Harryman* was then a minor. *Id.* at 633. Section 613A.5 applies to "*[e]very person* who claims damages from any municipality." § 613A.5, The Code (emphasis added). The legislature did not distinguish between minor and adult tort victims in section 613A.5. *See Shearer v. Perry Community School District*, 236 N.W.2d 688, 694 (Iowa 1975). Therefore, because the statute grants the incapacitation toll to all, Dezery must be allowed sixty days and the period she was incapacitated for providing notice of her claim to the district, if she can establish her incapacitation.

■ The district argues that Dezery should not be allowed a period of incapacitation because her parents and attorney

were advancing her interests against the city within thirty days of the accident. However, section 613A.5 places the burden of notice directly on the injured party. *Sprung v. Rasmussen,* 180 N.W.2d 430, 432 (Iowa 1970); § 613A.5, The Code; *cf. Ehlinger v. Mardorf,* 285 N.W.2d 27, 29 (Iowa 1979) ("Sections 123.93 and 613A.5 are alike in giving the injured person the responsibility for giving notice."). Consequently, the section imposes no obligation on parents or other representatives to serve notice in order to preserve claims of minors, even though if a representative does provide notice it is effective. *Sprung,* 180 N.W.2d at 432 (dictum).

The statute does not require multiple municipal tortfeasors to be notified simultaneously. The district has not shown why the rule applied to Lee County in *Harryman* should not control here. We hold the act of this minor's representatives in notifying one municipal defendant of her claims before a second municipal defendant was notified does not preclude her from alleging and attempting to prove incapacitation to meet the section 613A.5 notice requirements.

IV. Because the district is not entitled to summary judgment as a matter of law, trial court must be affirmed if Dezery has presented an issue of material fact. Count II of Dezery's petition showed that written notice had not been provided the district within sixty days of the injury and that the petition had not been filed within six months of the injury, but incapacitation was not pleaded. However, the district did not make a motion to dismiss. *See generally, Bennett v. Ida County,* 203 N.W.2d 228, 236 (Iowa 1972). The district filed an answer and pleaded noncompliance with section 613A.5 as an affirmative defense. District also filed a request for admissions, Iowa Rule of Civil Procedure 127, to document relevant dates. Plaintiffs' response to this request alleged Dezery had been incapacitated by her injuries. In the same response plaintiffs acknowledged they did not know the district had a potentially relevant duty to Dezery until July 12, 1980, almost

eight months after the accident. The district then moved for summary judgment, alleging failure to comply with section 613A.5. Dezery's resistance and supporting law memorandum raised the incapacitation issue.

Incapacitation is not defined in chapter 613A; it is an issue of fact. *Harryman,* 257 N.W.2d at 636, 638. In a five-to-four decision, this court has held minority is not incapacitation under the statute. *Shearer,* 236 N.W.2d at 693–94. However, a minor is not capable of commencing an action. *Ehlinger,* 285 N.W.2d at 29; *In re Estate of Beghtel,* 236 Iowa 953, 958, 20 N.W.2d 421, 424 (1945); Iowa R.Civ.P. 12.

We examined the nature of incapacitation in *Harryman* and adopted the following language from *Harrop v. Keller,* 253 N.W.2d 588, 592 (Iowa 1977):

> The statute does not spell out the degree of incapacitation required for extension. We believe the legislature intended that claims of incapacitation be resolved on the basis of reasonableness. We think the section seeks to free the injured party from concerning himself with litigation until he is reasonably able to counsel with his attorney. Plaintiff alleged incapacitation sufficient to prevent him a reasonable opportunity to counsel with his attorney. No greater incapacitation is required under § 123.93.

*Harryman,* 257 N.W.2d at 636. As a result of a car accident the injured party in *Harryman* was rendered unconscious, his spinal cord was severed, and for a time he was completely paralyzed. He was in and out of the hospital until his claim was asserted against the county. We held that this minor had alleged sufficient incapacitation to overcome a motion to dismiss. *Id.*

In *Harrop* the injured claimant suffered internal injuries from a stab wound. He was hospitalized almost continuously for over six months. We said plaintiff was required to allege a condition that rendered him "incapable of doing those things reasonably necessary for a layman to commence suit." *Harrop,* 253 N.W.2d at 592. Although there was no allegation that he

had suffered brain injuries that impeded his ability to remember or talk about his stabbing, we held Mr. Harrop had alleged sufficient incapacitation to toll the notice requirements of section 123.93, The Code. *Id.*

Affidavits of Dezery's father and doctor were attached to the resistence to the summary judgment motion. These affidavits are part of the record of district's motion for summary judgment. Iowa R.Civ.P. 237(c). Lyle Enochs stated that on October 8, 1980, Dezery was still unable to communicate with her parents concerning the facts of the accident. Her doctor stated Dezery was released from the hospital February 15, 1980, and by April 8, 1980, she was able to walk by herself and could recall things for short periods of time. He also affirmed that when he last saw Dezery in August 1980 her expressive skills and memory were still reduced and in his opinion she was incapacitated.

■ Dezery must establish she was incapacitated until May 25, 1980, in order for her July 24, 1980, notice to the district to be timely. *See Harryman,* 257 N.W.2d at 635. She must have alleged sufficient facts to raise the issue that incapacitation caused by her injuries denied her a reasonable opportunity to counsel with her attorney, not that she was incapable of filing a section 613A.5 notice. Reviewing the whole record in the light most favorable to Dezery, we hold the district has not demonstrated there is no issue of material fact. Dezery must be allowed an opportunity to establish her allegations at trial. We affirm the district court ruling.

AFFIRMED AND REMANDED.