Marilyn Feiereisen BRUBAKER, Arlene Feiereisen Kacher, and Henry Lee Feiereisen, Appellants,

v.

Rose Mary BARLOW, Fiduciary of the Estate of William E. Barlow, Deceased, Appellee.

No. 66949.

Supreme Court of Iowa.

Nov. 24, 1982.

Denver D. Dillard and Mary E. Clemen of Novak, Kubicek, Rosser, Dillard & Kubicek, Cedar Rapids, for appellants.

William L. Meardon of Meardon, Sueppel, Downer & Hayes, Iowa City, for appellee.

Considered by LeGRAND, P.J., and UHLENHOPP, McCORMICK, LARSON and SCHULTZ, JJ.

LeGRAND, Justice.

The ultimate question in this summary judgment case is whether several assignments of bank accounts by William E. Barlow, now deceased, in favor of his three step-children (claimants) were irrevocable gifts. At Barlow's death, the claimants demanded the proceeds of the accounts. The executor resisted the claim. Each side filed a motion for summary judgment. The trial court entered summary judgment for the executor and dismissed the childrens' motion. On appeal, the court of appeals reversed and ordered the trial court to enter summary judgment for the children. We granted further review, and we now vacate the opinion of the court of appeals, reverse the trial court, and remand for trial.

The assignments were prepared by William E. Crissman, a Cedar Rapids lawyer. Later Mr. Barlow wanted to revoke them for the apparent purpose of making other disposition of his property. Mr. Crissman

advised him the assignments had been delivered to the claimants and that he could not demand their return. He also told Mr. Barlow he could withdraw the funds under the terms of the assignments. This is what Mr. Barlow did, depositing most of them in a different bank and later naming his brother as joint tenant. The claimants say the funds, amounting to more than $30,000, belong to them by virtue of the assignments.

The case reaches us under confusing circumstances. The parties agreed that the trial court's decision on the motions for summary judgment would "determine the matter finally." The trial court, however, did not decide any factual issues. It rendered summary judgment for the executor and denied the claimants' motion for summary judgment. On appeal, the court of appeals reviewed the case as an appeal from a summary judgment. That is how we treat the matter now.

■ The sole function of a motion for summary judgment is to decide if there is a genuine issue of material fact. *Barnhill v. Davis,* 300 N.W.2d 104, 105 (Iowa 1981); *Anita Valley, Inc. v. Bingley,* 279 N.W.2d 37, 40 (Iowa 1979). If there is, the case must stand for trial. The summary judgment court cannot pass on the merits of that question. *Moser v. Thorp Sales Corp.,* 312 N.W.2d 881, 890 (Iowa 1981).

■ Even on undisputed facts, summary judgment is not proper if reasonable minds may draw different inferences from them. *Enochs v. City of Des Moines,* 314 N.W.2d 378, 380 (Iowa 1982); *Tasco, Inc. v. Winkel,* 281 N.W.2d 280, 282 (Iowa 1979); *Brody v. Ruby,* 267 N.W.2d 902, 904 (Iowa 1978). In summary judgment matters, the trial court's findings are not findings of fact, but are decisions on questions of law. *City of Eldridge v. Caterpillar Tractor Co.,* 270 N.W.2d 637, 641 (Iowa 1978); *Tip Top Distributing Co. v. Insurance Plan Savings & Loan Association of Mount Pleasant,* 197 N.W.2d 565, 568 (Iowa 1972).

■ Both the trial court and the court of appeals ruled there was no genuine issue of material fact. They disagreed, however, as to the result. The trial court decided as a matter of law that the assignments had been revoked; the court of appeals ruled, as a matter of law, that there had been an irrevocable gift to the claimants. We hold both were wrong because we find there is a genuine issue of fact which prevents summary judgment for either the executor or the claimants. This is true even though both sides ask for summary judgment and say no fact issue exists. *Lyon v. Willie,* 288 N.W.2d 884, 894 (Iowa 1980).

■ There is sharp conflict over whether William E. Barlow intended to make an irrevocable gift or to retain for himself the incidents of ownership. The answer to this dispute depends on the meaning to be ascribed to the language in the assignments, particularly that portion which made them subject to Barlow's right of "withdrawal and redemption."

The assignments were in the same form and were executed on the same day. We set out one of them here:

### ASSIGNMENT

On this 27th day of January, 1978 the undersigned sells, assigns, and transfers a life estate and interest, with full powers of withdrawal and redemption, unto:

William E. Barlow, SS # 482–16–2151 1801 14th Avenue, S.E., Cedar Rapids, Iowa 52401

remainder on his death equally to:

Marilyn Feiereisen Brubaker, SS # 483–24–6314

4221 Peidmont, Pensacola, Florida 32503

Arlene Feiereisen Kacher, SS # 483–32–2735

Route # 2, Cedar Rapids, Iowa 52401

Henry Lee Feiereisen, SS # 481–46–6815

P.O. Box 305, Gold Beach, Oregon 97444

in and to Perpetual Savings and Loan Assn. of Cedar Rapids, Iowa, Pass Book Account No. 11015634.1, and Savings Certificate No. 15097956.

/s/    William E. Barlow
    William E. Barlow

There was considerable evidence concerning Mr. Barlow's intent. Unless this evidence is so clear that reasonable minds can reach only one conclusion, the question of intent is a fact question which cannot be disposed of on a motion for summary judgment. We hold the record before us does not meet this standard of certainty, particularly as to the meaning of Mr. Barlow's reservation of this right of "withdrawal and redemption." We believe this is an issue to be resolved by a trial on the merits. *Rector v. Alcorn,* 241 N.W.2d 196, 202 (Iowa 1976); *Brammer v. Allied Mutual Insurance Co.,* 182 N.W.2d 169, 172 (Iowa 1970).

We point out we are not dealing here with the construction of the assignments. "Construction" of a legal instrument is always a question of law for the court. *Farm Bureau Mutual Insurance Co. v. Sandbulte,* 302 N.W.2d 104, 107–08 (Iowa 1981). We are concerned, rather, with interpretation— the process of determining the meaning of the words used. *Id.* The construction to be given a written document cannot be determined until the meaning of the language has been arrived at. In the present case that is a factual, not a legal, inquiry. Much of the evidence introduced at the hearing on the motions for summary judgment will probably be relied on again on remand. We express no opinion as to the admissibility of this evidence to resolve the factual issues raised.

We hold both motions for summary judgment should have been overruled. The case is remanded for trial.

OPINION OF THE COURT OF APPEALS VACATED; JUDGMENT OF TRIAL COURT REVERSED; AND CASE REMANDED FOR TRIAL.