**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee,**

v.

**Kathryn Joan PFLIBSEN, individually and as legal representative of the Estate of Clay Stephen Pflibsen, Defendant,**

**and**

**Dean J. Boeckholt, Appellant.**

**No. 83–1345.**

Supreme Court of Iowa.

June 13, 1984.

William G. Enke, of Mitchell, Coleman, Perkins & Enke, P.C., Fort Dodge, for appellant.

Donald Hohnbaum and Alan Pape, of Christianson, Hohnbaum & George, Des Moines, for appellee.

Considered by McCORMICK, P.J., and McGIVERIN, LARSON, SCHULTZ and WOLLE, JJ.

WOLLE, Justice.

The sole issue we address in this appeal is whether appellee State Farm established its right to summary judgment on a question of policy coverage. The trial court determined from the summary judgment record that State Farm's policy of automobile liability insurance did not cover the husband of State Farm's named insured, operating his father's automobile, when he collided with and injured appellant Dean J. Boeckholt [Boeckholt]. We find that the

summary judgment record disclosed genuine issues of fact material to the question of policy coverage. We therefore reverse and remand.

## I. *Background Facts and Proceedings.*

The State Farm policy of liability insurance issued to Kathryn Joan Pflibsen [Kathryn] on her Mazda automobile extended coverage to the use by an insured of a non-owned car but defined "non-owned car" in part as:

a car not:

. . . . .

furnished or available for the regular or frequent use of:

you, your spouse, or any relatives.

During the policy period, Kathryn filed a petition for dissolution of her marriage with Clay Pflibsen [Clay] and moved out of their home, taking the Mazda and leaving Clay without a car. Clay then obtained permission to use his father's Oldsmobile automobile and had access to it for about two weeks. On October 11, 1981, Clay was killed while driving the Oldsmobile when he collided with and seriously injured Boeckholt.

Boeckholt sued for damages both Clay's father as owner of the Oldsmobile and Kathryn as personal representative of Clay's estate. He alleged that Clay's negligent operation of the Oldsmobile had caused the collision. Boeckholt settled his claim against Clay's father for the amount of liability insurance coverage provided by the father's separate policy covering the Oldsmobile. He continued to pursue his claim against Clay's estate, however, on the theory that the non-owned car coverage of State Farm's policy provided additional liability coverage for the collision. State Farm then commenced this declaratory judgment action against Boeckholt and Clay's estate, contending that the Oldsmobile had been furnished and regularly available to Clay and therefore did not come within the policy's coverage of non-owned cars. After State Farm moved for summary judgment pursuant to Iowa Rule of Civil Procedure 237, the defendants filed written

resistances and Boeckholt filed his own motion for summary judgment. In his written resistance Boeckholt relied heavily on testimony given by the parties who had been deposed in the two lawsuits; he specifically identified several issues of disputed fact which he contended were material on the question of coverage.

In its order granting summary judgment to State Farm the trial court made findings of fact but did not specifically refer to the deposition testimony relied upon by the resisting defendants. In analyzing the crucial policy language quoted above the trial court relied upon *General Casualty Co. of Wisconsin v. Hines,* 261 Iowa 738, 156 N.W.2d 118 (1968), in which nearly identical policy language was applied to somewhat different facts. The trial court quoted and relied upon three of the specific questions referred to in our *General Casualty Co.* case and initially used as "signposts" to analyze similar policy language in *Farm Bureau Mutual Automobile Insurance Co. v. Marr,* 128 F.Supp. 67, 70 (D.N.J. 1955):

1. Was the use of the car in question made available most of the time to the insured?

2. Did the insured make more than mere occasional use of the car?

3. Did the insured need to obtain permission to use the car or had that been granted by blanket authority?

261 Iowa at 741, 156 N.W.2d at 124. The trial court answered questions 1 and 3, but not 2, in its findings of fact:

Prior to his death, Clay had the 1978 Oldsmobile available to him at all times, used it when he wanted without asking permission each time he used it. He had been granted blanket authority to use the car without restrictions for an indefinite period of time.

The trial court then tracked the policy language in holding that "The 1978 Oldsmobile was not a non-owned vehicle, in that it was furnished or available for the regular and frequent use of Clay."

We agree with the trial court that *General Casualty Co.* and the authorities it cited provide appropriate criteria for applying the relevant policy language to the facts concerning use of the Oldsmobile in this case. 261 Iowa at 747–48, 156 N.W.2d at 123–24. We find, however, that genuine disputed issues of material fact were present in the summary judgment record, making summary judgment inappropriate.

## II. *Factual Issues in Dispute.*

 Well-settled principles govern our review of summary judgment proceedings.

The trial court (and this court on review) must look at the whole record in the light most favorable to the one against whom the motion is made. The moving party has the burden to show the absence of a fact issue. Even if the facts are undisputed, summary judgment is not appropriate if reasonable minds may draw different inferences from them.

*Tasco, Inc. v. Winkel,* 281 N.W.2d 280, 282 (Iowa 1979), quoted and applied in *Cowman v. Hornaday,* 329 N.W.2d 422, 424 (Iowa 1983), and *Enochs v. City of Des Moines,* 314 N.W.2d 378, 379–80 (Iowa 1982). Even when, as here, both parties have moved for summary judgment and claimed the right to summary judgment as a matter of law, the presence of a genuine issue of material fact makes summary judgment inappropriate. *Brubaker v. Barlow,* 326 N.W.2d 314, 315 (Iowa 1982); *Lyon v. Willie,* 288 N.W.2d 884, 894 (Iowa 1980).

In reviewing the summary judgment record here in accordance with those applicable standards, we conclude that State Farm's motion for summary judgment should not have been granted. Reasonable minds could have drawn different inferences from the deposition testimony relied on by Boeckholt and Clay's estate concerning the scope and extent of Clay's permission to use the Oldsmobile and his actual use of that car during the few days he had access to it before the collision.

Even though the record contains extensive deposition testimony given by Kathryn and by Clay's father, the record does not conclusively show just what Clay was told when he received permission to use the Oldsmobile. Apparently Clay asked his mother if he could use the Oldsmobile because Kathryn had taken the Mazda during their period of separation. · Clay's mother asked his father and apparently then told Clay he could use it. Because the mother was not deposed and Clay did not survive the collision, the record does not disclose whether Clay had received blanket authority or whether his permission to use the Oldsmobile was quite temporary and conditional in nature. The father testified that he expected the car to be returned when Kathryn and Clay resumed living together. The deposition testimony also suggests that reconciliation was being seriously considered by Kathryn, a factor which would support the defendant's contention that Clay was given only temporary use of the Oldsmobile. ·

Clay's actual use of his father's several vehicles, though again somewhat unclear from the deposition testimony, casts further doubt on State Farm's contention that he had blanket use of the Oldsmobile. Clay had never used the Oldsmobile until he first received permission about two weeks before the collision. The record does not disclose that he actually drove the Oldsmobile between the day he received permission and the day of the collision. Moreover, the record shows affirmatively that Clay had previously borrowed and used temporarily other vehicles owned by his father.

Cases from Iowa and other jurisdictions have resolved coverage questions involving essentially the same non-owned car language as is present in the State Farm policy. Decisions in these cases generally have turned on the findings of fact made either by jurors or by trial courts following trial without a jury. In *General Casualty Co. of Wisconsin v. Hines,* we said:

The question now presented is whether the automobile being driven ... at the

time of the accident was "one not owned by or furnished for the regular use of either the named insured or any relative."

Absent evidence so clear as to preclude doubt by reasonable men this is essentially a question of fact.

261 Iowa at 746, 156 N.W.2d at 123; *see Bringle v. Economy Fire & Casualty Co.,* 169 N.W.2d 879, 883 (Iowa 1969) (application of non-owned automobile definition "depends upon the facts of the particular case"). Cases from other jurisdictions applying similar policy language to analogous facts have also emphasized that this usually presents a question of fact for the trier of fact to answer. *See, e.g., Allstate Insurance Co. v. Humphrey,* 246 Md. 492, 499–500, 229 A.2d 70, 74 (1967) (Where insured borrowed brother's car for two weeks with no restrictions while insured's car was being repaired, the car was not "regularly furnished" for the use of the insured. "Each case turns on its particular facts."); *Hochgurtel v. San Felippo,* 78 Wis.2d 70, 82–83, 253 N.W.2d 526, 531 (1977) (Where restrictions upon and frequency of use of non-owned truck were disputed, trial court did not err in finding truck was not available or furnished for regular use. "[T]he interpretation and application of the term 'regular use' in the policy depends upon the particular facts and circumstances in each case."). *See generally* J. Appleman, *Insurance Law and Practice* § 4455 at 565 (R. Buckley ed. 1979); Annot., 8 A.L.R. 4th 387 (1981).

■ Viewing the deposition testimony in this record in the light most favorable to Boeckholt and Clay's estate, and giving them the benefit of all favorable inferences to be drawn from the testimony, a reasonable finder of fact could determine that Clay had not received such blanket permission to use the Oldsmobile as to exclude its use from the non-owned car coverage of the State Farm policy. Consequently State Farm has not borne its burden to show the absence of a genuine issue of fact which was a prerequisite to entry of summary judgment on this issue of insurance coverage.

III. *Issues not Preserved for Appeal.*

The parties have raised other issues both in their motions for summary judgment presented to the trial court and in their appellate briefs and arguments. For several reasons those issues have not been preserved for our review at this time.

■ State Farm presented to the trial court a second ground for summary judgment, contending that Clay was not a covered "insured" as defined in the policy because he was not living with Kathryn at the time of the collision. We do not address that issue because the trial court did not decide it and State Farm has not asserted on appeal that we should affirm on that alternate ground.

■ Boeckholt on appeal has raised several separate issues concerning his own right to summary judgment. He contends that the policy language relied upon by State Farm violates Iowa statutory provisions pertaining to health and accident insurance, is unconscionable, and is being used to defeat the reasonable expectations of the affected parties. Neither Boeckholt nor Clay's estate raised any of those issues in their pleadings, however, and Boeckholt's motion for summary judgment and resistance to State Farm's motion stated only that the policy provision was "void as a matter of law," without further explanation. Moreover, after the trial court granted State Farm's motion and denied Boeckholt's motion for summary judgment without mentioning the claim of voidness, none of the parties filed a motion to enlarge or amend the trial court's findings even though such a motion is permitted following entry of summary judgment. Iowa R.Civ.P. 179(b), 237(c). It is well settled that a rule 179(b) motion is essential to preservation of error when a trial court fails to resolve an issue, claim, defense, or legal theory properly submitted to it for adjudication. *Nowlin v. Scurr,* 331 N.W.2d 394, 396 (Iowa 1983); *Arnold v. Lang,* 259 N.W.2d 749, 753 (Iowa 1977); *Fjelland v. Wemhoff,* 249 N.W.2d 634, 638

(Iowa 1977). Consequently, none of those separate issues are properly before us for decision. Issues must ordinarily be presented to and passed upon by the trial court before they may be raised and decided on appeal. *Thomas Truck & Caster Co. v. Buffalo Caster & Wheel Corp.*, 210 N.W.2d 532, 535 (Iowa 1973).

In remanding this case for trial we neither express nor intimate any opinion as to how any of the factual or legal issues in this case should be decided if and when they are properly pleaded and presented to the trial court after remand.

REVERSED AND REMANDED.