# IN THE COURT OF APPEALS OF IOWA

No. 18-1225
Filed May 15, 2019

**JERAMY HOLLINGSHEAD,**
    Plaintiff-Appellant,

**vs.**

**DC MISFITS, LLC,**
    Defendant-Appellee.
_____

Appeal from the Iowa District Court for Polk County, David May, Judge.

A plaintiff appeals the summary dismissal of his dramshop claim.
**AFFIRMED.**

Robert B. Garver, West Des Moines, for appellant.

Thomas Henderson and Nick J. Gral of Whitfield & Eddy, P.L.C., Des Moines, for appellee.

Considered by Doyle, P.J., and Mullins and Bower, JJ. May, J., takes no part.

**BOWER, Judge.**

Jeramy Hollingshead appeals the summary-judgment order dismissing his dramshop claim against DC Misfits LLC.

In December 2015, Hollingshead alleges he received personal injuries due to the intoxication of several individuals while at a bar called Misfits. On June 8, 2016, Hollingshead mailed notice to Founders Insurance indicating he intended to pursue a dramshop action against Leonard LLC. On July 8, Founders responded to Hollingshead, informing him the policy for Leonard LLC had been cancelled effective February 1, 2015, and sending him a copy of the notice of cancellation. Hollingshead did not amend the notice to Founders Insurance to inform the company DC Misfits was the insured party subject to the lawsuit. Nor did Hollingshead provide notice directly to DC Misfits that he intended to pursue a dramshop action against them.

In April 2017, Hollingshead filed suit bringing one claim against the individuals alleged to be involved with vicarious liability against DC Misfits, and a dramshop claim against DC Misfits for selling and serving alcohol to the individuals.[1] Hollingshead did not attach to the petition a notice of intention to bring the action. DC Misfits moved for summary judgment based on Hollingshead's failure to comply with statutory notice requirements for his dramshop claim within the time frame established by the legislature.

Iowa's Dramshop Act, Iowa Code chapter 123 (2015), creates a cause of action previously unknown in common law, establishing civil liability for persons

---

[1] Hollingshead did not attach a copy of the notice to his petition to establish the statutory jurisdictional prerequisite had been met.

injured in person or property by an intoxicated person against the entity selling and serving alcohol to the intoxicated person. Our legislature may require compliance with certain conditions before a plaintiff may assert a dramshop claim. *See Grovijohn v. Virjon, Inc.*, 643 N.W.2d 200, 203 (Iowa 2002); *Arnold v. Lang*, 259 N.W.2d 749, 751–52 (Iowa 1977). Iowa Code section 123.93 creates a jurisdictional prerequisite to a plaintiff's dramshop claim requiring proper notice of the intent to bring a dramshop claim. Section 123.93 provides requirements for such notice:

> Within six months of the occurrence of an injury, the injured person shall give written notice to the licensee or permittee or such licensee's or permittee's insurance carrier of the person's intention to bring an action under this section, indicating the time, place and circumstances causing the injury.

Substantial compliance with section 123.93's notice requirements will suffice. *See Arnold*, 259 N.W.2d at 752.

Summary judgment is proper when "there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law." Iowa R. Civ. P. 1.981(3). Appellate review is "limited to whether a genuine issue of material fact exists and whether the district court correctly applied the law." *Linn v. Montgomery*, 903 N.W.2d 337, 342 (Iowa 2017) (quoting *Pillsbury Co. v. Wells Dairy, Inc.*, 752 N.W.2d 430, 434 (Iowa 2008)).

Hollingshead's notice of his intent to bring a dramshop claim failed to substantially comply with section 123.93. Among other things, section 123.93 specifically requires notice be provided by "the injured person" to the "licensee or permittee or such licensee's or permittee's insurance carrier." In *Arnold*, our supreme court held it was "essential" for the notice to contain the licensee or

permittee's name. *See Arnold*, 259 N.W.2d at 752. In *Berte v. Bode*, 692 N.W.2d 368, 370–71 (Iowa 2005), the court held a notice listing Berte as "guardian and conservator" of a minor child was insufficient to serve as notice of claim for Berte individually to sustain a dramshop claim—indicating proper identification of the parties to the suit is a requirement of the notice. As we have previously noted, "notice on behalf of one party cannot constitute notice on behalf of another party." *Veach v. Prairie Meadows Racetrack & Casino, Inc.*, No. 06-0366, 2006 WL 3801735, at *4 (Iowa Ct. App. Dec. 28, 2006). Thus, the notice must specify the plaintiff in the potential suit and properly identify the "licensee or permittee" subject to the suit.

Here, Hollingshead's notice made no mention of DC Misfits, the licensee at issue. Instead it referred to "Leonard LLC dba Misfits." The two are distinct entities with separate insurance policies which just happened to be with the same carrier. Leonard LLC was dissolved August 10, 2015, several months before the date of the alleged injury. Without reference to the intended defendant, DC Misfits, Hollingshead's notice was "fatally deficient as to content," and he did not satisfy a condition precedent to a dramshop action.[2] *See Arnold*, 259 N.W.2d at 752.

As a result, we conclude the district court properly granted summary judgment dismissing Hollingshead's dramshop claim against DC Misfits LLC.

**AFFIRMED.**

Mullins, J., concurs; Doyle, P.J., dissents.

---

[2] For place of injury, the notice only stated "Misfits"—it did not provide an address or even specify the city where Misfits is located.

**DOYLE, Presiding Judge** (dissenting).

I respectfully dissent. I would reverse the district court's grant of summary judgment in favor of defendant DC Misfits, LLC.

Iowa's dramshop statute was enacted to give a right of action to innocent victims harmed by persons who are overserved alcoholic beverages by licensees and permittees. *Banwart v. 50th Street Sports, L.L.C.*, 910 N.W.2d 540, 545 (Iowa 2018). The underlying purpose of the statute is to place a hand of restraint on licensees and permittees, i.e., to discourage the selling of excess liquor. *Id.* To further that purpose, the dramshop statute is construed liberally. *Id.*

The statute contains a claim notice provision that provides, in relevant part:

> Within six months of the occurrence of an injury, the injured person shall give written notice to the licensee or permittee or such licensee's or permittee's insurance carrier of the person's intention to bring an action under this section, indicating the time, place and circumstances causing the injury

Iowa Code § 123.93 (2015). Substantial compliance with the notice provisions of section 123.93 is sufficient. *Arnold v. Lang*, 259 N.W.2d 749, 752 (Iowa 1977).

Here, plaintiff's attorney timely sent a section 123.93 notice to Founders Insurance Company. The notice references "Leonard LLC dba Misfits" as the insured. The body of the notice states in relevant part:

> Notice is hereby given pursuant to Iowa Code Sec. 123.93 (2015) of the. Intention of the undersigned to bring an action under Sec. 123.92 on behalf of Jeramy Hollingshead who was injured on or about December 12, 2015, at Misfits. Mr. Hollingshead was assaulted by an individual(s) at Misfits who had become intoxicated at the aforementioned bar.

Later, plaintiff filed his dram shop suit against the assailants and DC Misfits, LLC. DC Misfits, LLC filed a motion for summary judgment claiming plaintiff's section

123.93 notice was fatally defective because it named Leonard LLC d/b/a Misfits instead of DC Misfits, LLC, the legal owner of Misfits bar at the time of the incident. An unreported hearing was held. The plaintiff conceded that his notice did not name DC Misfits, LLC, but argued his notice substantially complied with section 123.93. The district court disagreed. The court concluded that because the notice did not mention DC Misfits, LLC, the notice did not satisfy the requirements of section 123.93. Specifically, the court held,

> In *Lang,* the Iowa Supreme Court said that the "name" of the defendant licensee (in that case, Lang) is among the "information" that must be provided—the "*essential*" information—"in order" for a written communication to "qualify as a [section] 123.93 notice." *Arnold v. Lang,* 259 N.W.2d 749, 752 (Iowa 1977) (italics added). Here, it is undisputed that Plaintiff's notice did not mention DC Misfits, LLC. Therefore, under *Lang,* Plaintiff's notice did not satisfy the requirements of section 123.93. As a result, Plaintiff's dram shop claim fails as a matter of law.

(Citation omitted.) In my opinion, the district court reads *Arnold* too narrowly.

Arnold's dram shop notice was defective in numerous ways; it was sent to the wrong party, was fatally defective as to content, and was not timely given. *Arnold*, 259 N.W.2d at 752. As to its content, it made no reference to the place or circumstances under which Arnold suffered his injuries. *Id.* "Neither [did] it mention Lang's name nor express any intention of Arnold to bring a dram shop action against Lang." *Id.* The court opined, "All such information was essential in order to qualify as a section 123.93 notice." *Id.* (citing *Harrop v. Keller*, 253 N.W.2d 588, 592 (Iowa 1977)). Notably, *Harrop* holds:

> There are *only three matters required* for inclusion in the notice by § 123.93. The notice must indicate the *time, place, and circumstances causing the injury*."

*Harrop*, 253 N.W.2d at 593 (emphasis added). This mirrors the statutory language.

To be sure, the *Arnold* court noted the notice did not mention Lang's name and stated "such information was essential" in order to qualify a notice under section 123.93. *Arnold*, 259 N.W.2d at 752. Nevertheless, I do not believe *Arnold* adds any requisite matters to the notice beyond what is required by statute. Joseph H. Lang operated a tavern doing business as Joe Lang's Tap. *Id.* at 749-50. The opinion does not say, but presumably Lang was the licensee or permittee. A reference to Lang's name could be to Lang himself; or to the name of the tavern; or to Lang in his capacity as operator of the tavern, or to Lang in his capacity as the licensee or permittee. In suggesting Lang's name was essential to a valid notice, the *Arnold* court did not indicate in what context his name was required. I do not read *Arnold* as requiring a section 123.93 notice to name the licensee or permittee, and it would not be proper to do so. If the legislature wanted to require the notice to name the licensee or permittee, it would have so provided in its legislation.

Here, the notice sets out all the pertinent statutory requisites: plaintiff's intention to bring a dramshop action and references to the date, place and circumstances causing the injury. Although the notice's reference to "Leonard LLC dba Misfits," the former operator of the bar, as the insured, is in error, I do not believe it deems the notice to be fatally deficient as to content. I would reverse the district court's grant of summary judgment.