In the Matter of the FORFEITURE OF ONE HUNDRED TWENTY–SIX DOLLARS.

STATE of Iowa, Appellant,

v.

ONE HUNDRED TWENTY–SIX DOLLARS, Appellee.

No. 57754.

Supreme Court of Iowa.

March 16, 1977.

Richard C. Turner, Atty. Gen., and C. Joseph Coleman, Jr., Asst. Atty. Gen., for appellant.

I. Joel Pasternak, Des Moines, for appellee.

Submitted to MOORE, C. J., and REES, REYNOLDSON, HARRIS and McCORMICK, JJ.

REES, Justice.

In this case the State is appealing from the order and ruling of the district court refusing to forfeit the sum of $126 seized in connection with an arrest of the operators of an alleged gambling house.

Douglas L. Jones, Ronald Lunn and Patricia Lunn were charged by county attorney's information with the crime of possession of gambling devices as defined in § 726.5, as amended by chapter 153 of the 1973 Session of the General Assembly and of the crime of keeping a gambling house as defined in § 726.1 as amended by chapter 153 aforesaid. At the time of the arrests, the arresting officers seized the sum of $126 in the possession of the above named blackjack game operators in the Blue Goose Tavern in Des Moines. The seizure took place on January 17, 1974. A motion to dismiss the charges against the operators of the blackjack game was filed on March 20, 1974 and hearing thereon was not held until October 2, 1974. Charges against the operators of the blackjack game were then dismissed on the basis of the failure of the State to indict within the time limits of § 795.1, The Code, 1973.

An instrument captioned, "Return and Notice," executed by one of the arresting officers, Richard Tesdall, was later filed on October 15, 1974. Hearing was held on October 23, 1974, and on October 30 the trial court entered its ruling on the requested forfeiture in which it ordered the State to return the fund of $126 to Patricia Lunn, the only defendant who had appeared and claimed the monies. Such ruling was based on the court's conclusion that the gambling was not illegal within the provisions of § 726.12, The Code.

There is an apparent jurisdictional defect in the forfeiture proceedings which has not been raised by the parties. We do not have the benefit of an appellee's brief in this case. Generally forfeiture proceedings pursuant to chapter 751, The Code, 1973 begin with the issuance of a search warrant. A specific statutory timetable regulates each step in the proceedings thereafter; the warrant must be returned within ten days,

the forfeiture hearing must be set within 48 hours of the return, and the hearing must be set more than five, but less than 15 days after the filing of the return. Proper notice is required to be posted and served at least three days prior to the hearing.

In the matter before us here, no search warrant is involved as none had been issued. The money was seized in the tavern by the arresting officers contemporaneously with the arrest of the parties named above, and the subsequent filing of charges against them for keeping a gambling house and the possession of gambling devices. After dismissal of the gambling charges more than eight months after the seizure of the funds, it would appear the State then attempted to salvage out of the proceedings at least a forfeiture of the monies involved. The "Return and Notice" filed by Officer Tesdall almost nine months after the seizure of the funds does not comply with the mandatory timetable of chapter 751, The Code. See *State v. Kaufman*, 201 N.W.2d 722 (Iowa 1972).

The trial court obviously lacked jurisdiction to order forfeiture of the monies seized by the officers at the time of the arrests under the circumstances set out above. We conclude said defect precludes our review of the trial court's decision not to forfeit the funds. This appeal is therefore dismissed.

DISMISSED.