**In the Matter of the PROPERTY SEIZED FOR FORFEITURE FROM Lula M. WILLIAMS,**

**Lula M. WILLIAMS, Appellant.**

No. 02–1937.

Supreme Court of Iowa.

Jan. 22, 2004.

Rehearing Denied March 19, 2004.

Robert A. Wright, Jr., Wright and Wright, Des Moines, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik, Assistant Attorney General, Patrick C. Jackson, County Attorney, and Amy K. Snook–Beavers, Assistant County Attorney, for appellee State of Iowa.

WIGGINS, Justice.

The district court ordered $7,559.39 in United States currency forfeited to the State of Iowa from Lula M. Williams and overruled her motion for sanctions. Williams claims (1) the district court should have dismissed the forfeiture action, because the State did not file a timely notice of pending forfeiture pursuant to Iowa Code section 809A.8(1)(*a*)(1) (2001); (2) the Iowa Court of Appeals' dismissal of a prior action brought by the State to forfeit the same currency precluded the bringing of the second forfeiture action under the principles of res judicata; and (3) she is entitled to sanctions under Iowa Rule of Civil Procedure 1.413(1), because the State's commencement of the second forfeiture action was not well grounded in fact or law. We conclude the notice of pending forfeiture was untimely and the forfeiture action should be dismissed. We agree with the district court's decision overruling Williams' motion for sanctions. Thus we affirm in part, reverse in part, and remand with directions.

## I. Background Facts and Proceedings.

On May 1, 1998, officers from the Burlington Police Department searched Williams' home pursuant to a search warrant. The authorities seized various items of personal property, including $7,559.39 in United States currency. The State charged Williams with two counts of possession of a controlled substance in violation of Iowa Code section 124.401(5). The State eventually dismissed the criminal charges.

On May 4, 1998, Williams filed a claim for the return of the seized property. She refiled her claim on June 8, 1998, and January 4, 1999. On January 19, 1999, the State prepared and filed a notice of pending forfeiture under Iowa Code section 809A.8(2)(*b*). The notice alleged the State seized the property for evidentiary purposes on May 1, 1998, and for forfeiture purposes on the date of the notice, January 19, 1999. On January 29 Williams filed a resistance to the State's notice of pending forfeiture. On March 5 the State filed an in rem judicial forfeiture complaint under Iowa Code section 809A.13. The State sought to forfeit the currency, one fax machine, three pagers, one large water bong, and all the drugs seized. Williams filed an answer requesting that the State return the currency, fax machine, and pagers.

The district court held the forfeiture hearing on December 28, 1999. Williams made an oral motion to dismiss the proceedings, because the court held the hearing on the in rem forfeiture complaint more than sixty days after service of the complaint.[1] On January 3, 2000, the district court issued two orders. The first order overruled the motion to dismiss. In the second order the court determined the fax machine and pagers were not subject to in rem forfeiture under Iowa Code section 809A.4(2)(b) and ordered the State to return the fax machine and pagers to Williams. The court determined the currency was subject to in rem forfeiture and forfeited the currency to the State.

Williams appealed the decision forfeiting the currency. This court referred the appeal to the court of appeals. On May 15, 2002, the court of appeals concluded the State failed to show good cause as to why the district court did not hold the hearing on the forfeiture within sixty days after service of the complaint and dismissed the forfeiture action. *In re Property Seized from Williams,* 646 N.W.2d 861, 867 (Iowa Ct.App.2002). Procedendo issued on June 17, 2002. The district court took no action in response to the procedendo.

On July 30, 2002, the State prepared a second notice of pending forfeiture under section 809A.8(2)(b). This notice started a second in rem forfeiture against the same currency. The second notice of pending forfeiture alleged the State seized the currency for evidentiary purposes on May 1, 1998, and for forfeiture purposes on the date of the notice, July 30, 2002. The State served Williams with this notice on August 5, 2002. The State filed this notice on September 12, 2002.

In response to the notice of forfeiture, Williams appeared at the Des Moines County clerk's office on September 3, 2002, with a document entitled "response to notice of pending forfeiture." Williams signed the response on September 3. The notary form on the response was not completed. The response bears two time stamps, September 3, 2002, which someone crossed out, and September 12, 2002. A motion for sanctions signed by Williams' attorney was intermixed with the pages of the response to notice of pending forfeiture. The clerk docketed the response on September 12. The response requested the forfeiture proceedings be dismissed and the currency returned to Williams because (1) after Williams requested the return of her property, the State failed to file its notice of pending forfeiture within ninety days after seizure as required by Iowa Code section 809A.8(1)(a)(1); and (2) the State was precluded from bringing any forfeiture claims against the currency due to the prior adjudication of the matter by the court of appeals.

On September 12, 2002, the State filed its application for forfeiture order. The application alleged Williams failed to file a proper claim under Iowa Code sections 809A.8(1)(b)(1) and 809A.11; therefore, the State is entitled to forfeit the property under Iowa Code section 809A.16(3). The State attached to its application Williams' response to notice of pending forfeiture and her motion for sanctions.

On September 12 the district court issued an order giving Williams ten days to respond to the State's claim that her response to notice of pending forfeiture did not constitute a proper and timely claim.

---

1. Iowa Code section 809A.13(7) provides in relevant part:

 The forfeiture hearing shall be held without a jury and within sixty days after service of the complaint unless continued for good cause.

On September 18 the State filed its response to Williams' motion for sanctions.

On October 3 the State filed a response to the court's order of September 12 informing the court that Williams did not file a response to the court's order of September 12. On October 4 the district court entered an order setting the hearing on the State's application for forfeiture order and Williams' motion for sanctions for October 14. On October 4 Williams filed a motion for extension of time. In the motion she alleged she went to the clerk's office on September 3 with the response to notice of pending forfeiture and the motion for sanctions. The deputy clerk informed Williams that she needed to resign the response to notice of pending forfeiture in front of the clerk but it did not have to be notarized. Williams also stated the clerk filed the response to notice of pending forfeiture and the motion for sanctions. Williams further stated that on September 3 she hand delivered a copy of the response to notice of pending forfeiture and the motion for sanctions to the Assistant Des Moines County Attorney at her office.

On October 7 the State responded to the motion for extension of time. An affidavit signed by the county attorney was attached to the response. The affidavit acknowledged Williams filed the notice of pending forfeiture on September 3. The affidavit denied the county attorney received the response to notice of pending forfeiture on September 3. The affidavit further stated Williams approached the county attorney on September 17 and handed her the response to notice of pending forfeiture. Lastly, the affidavit stated two unidentified females served the motion for sanctions on the county attorney on September 18. On October 14 the court granted Williams an extension of time giving her until October 21 to respond to the court's order of September 12.

On October 21 at 10:25 a.m., the clerk docketed a motion for extension of time filed by Williams. Williams asked for more time to obtain an affidavit from the clerk of court and to have the seizing agency served. Williams attached her affidavit to this motion. The affidavit restated the allegations contained in her October 4 motion for extension of time.

The clerk affixed a note to the filed-stamped motion for extension of time. The note indicated that when the clerk's office received the motion for extension of time, it informed the judge of its filing and asked the judge for directions. The judge responded by telling the clerk to file and docket the motion for extension of time.

On October 21 at 10:37 a.m., the court entered its order forfeiting the currency. The district court concluded the State order gave Williams proper notice before forfeiting the currency. The district court also concluded the response to notice of pending forfeiture submitted by Williams did not constitute a proper and timely claim as required by sections 809A.8(1)(b)(1) and 809A.11. The district court denied Williams' motion for sanctions. Williams appeals.

## II. Issues.

Williams raises several issues on appeal. They are (1) whether the district court had authority to enter an order of forfeiture after the ninety-day time period of section 809A.8(1)(a)(1) had run; (2) whether the second forfeiture action was precluded by the court of appeals' dismissal of the first forfeiture action; (3) whether Williams' response to the State's second notice of pending forfeiture was timely and in a proper form; (4) whether the district court abused its discretion denying Williams' request for time to file an affidavit and have the seizing agency served; and (5) whether the district court abused its discretion

when it denied Williams' motion for sanctions.

### III. Scope of Review.

Our review of forfeiture proceedings is for correction of errors at law. *In re Property Seized from DeCamp,* 511 N.W.2d 616, 619 (Iowa 1994). A review of an order denying sanctions is for abuse of discretion. *Schettler v. Iowa Dist. Court,* 509 N.W.2d 459, 464 (Iowa 1993).

### IV. Preservation of Error.

The State contends Williams failed to preserve error by failing to file a claim or a petition for recognition of an exemption. Although Williams did not file a claim or a petition for exemption, she did file a response to notice of pending forfeiture raising the issue of timely notice before the court forfeited the property. Williams preserved this issue for appeal.

### V. Analysis.

*The Forfeiture Action.* Forfeitures are not favored under the law and this court strictly construes statutes allowing forfeitures. *State v. Kaufman,* 201 N.W.2d 722, 723 (Iowa 1972). We have previously held the notice provisions and the time for notice provisions are mandatory. Failure to comply with the notice provisions deprives the court of the power to forfeit property seized pursuant to a search warrant. *In re Forfeiture of One Hundred Twenty–Six Dollars,* 251 N.W.2d 216, 217 (Iowa 1977).

The district court could not forfeit Williams' property without first finding the State gave her proper notice of the pending forfeiture. Iowa Code § 809A.16(3). According to section 809A.8(1)(*a*)(1), proper notice includes the requirement that the State files its notice of pending forfeiture within ninety days after the property is seized for forfeiture if a request by the owner to return the property has been made. The State acknowledges Williams made numerous requests for the return of her property.

To determine whether the State's pending notice of forfeiture was timely, we must decide when the State seized the currency for forfeiture. "Seized for forfeiture" requires the seizure of the property by a law-enforcement officer "accompanied by an assertion by the seizing agency or by a prosecuting attorney that the property is seized for forfeiture, in accordance with section 809A.6." Iowa Code § 809A.1(9). In the second notice of pending forfeiture served on Williams, the State claimed the date of seizure for forfeiture was the date of the notice, July 30, 2002. If the date of seizure for forfeiture was July 30, 2002, the filing of the notice of pending forfeiture complied with the ninety-day period of section 809A.8(1)(*a*)(1). The record, however, does not support the State's claim it seized the property for forfeiture on July 30, 2002.

The Burlington Police Department physically seized the currency on May 1, 1998. When the State filed its notice of pending forfeiture in the first forfeiture action, it listed the date it seized the currency for forfeiture purposes as January 19, 1999. The State's actual seizure of the currency accompanied with its assertion it had seized the currency for forfeiture purposes on January 19, 1999, fixed the date of seizure for forfeiture on January 19, 1999. Iowa Code § 809A.1(9). The ninety-day limitation period of section 809A.8(1)(*a*)(1) began to run on this date. The State did not serve the second notice of pending forfeiture on Williams until August 5, 2002. The State did not file the second notice of pending forfeiture until September 12, 2002. It did not comply with the ninety-day limitation period of section 809A.8(1)(*a*)(1).

■ The State urges its failure to comply with the ninety-day limitation period should not defeat its second forfeiture action. It argues the five-year statute of limitation contained in Iowa Code section 809A.20 is controlling. The State contends as long as it brought the second forfeiture action within the five-year limitation period, the action is not barred by section 809A.8(1)(*a*)(1)'s ninety-day statute of limitation. The State's reliance on the five-year statute of limitation is misplaced.

■ The State's argument fails to distinguish a special statutory limitation from a general statute of limitation. A general statute of limitation determines a specific period of time a person has to make a claim before it is not enforceable in a judicial proceeding. *Secrest v. Galloway Co.*, 239 Iowa 168, 174, 30 N.W.2d 793, 796 (1948). A general statute of limitation only affects the remedy not the right. *Id.* In contrast, a special statutory limitation qualifies the right; it makes timely compliance with the statutory limitation an element of the right created. *Arnold v. Lang*, 259 N.W.2d 749, 751–52 (Iowa 1977). A lapse of the statutory period extinguishes the right to proceed. *Id.* at 752. This deprives the court of authority to hear a particular case. *See In re Estate of Falck*, 672 N.W.2d 785, 789–90 (Iowa 2003).

Section 809A.8(1)(*a*)(1)'s requirement that notice of pending forfeiture be filed within ninety days is a special statutory limitation. It creates the State's right to forfeit the property in rem if an owner has requested the release of the property. In order to exercise its right of forfeiture under these circumstances, the State must comply with the time limits contained in the statute creating the right to forfeit the property. Section 809A.20's five-year limitation is a general statute of limitation. It sets an outer limit for commencing the civil forfeiture action to enforce the State's

right of forfeiture. Here, although the forfeiture action was filed within five years, the State had lost its right of forfeiture because the second notice of pending forfeiture did not comply with the ninety-day limitation contained in section 809A.8(1)(*a*)(1). Therefore, the district court did not have authority to hear the second forfeiture action.

Because we find this issue dispositive, we will not address Williams' other claims concerning the forfeiture.

■ *Motion for Sanctions.* The district court refused to grant sanctions against the State, because the State was successful in its forfeiture action. We reversed the district court on the forfeiture issue. Nevertheless, on appeal we may affirm the district court's ruling on the motion for sanctions on grounds urged in the district court but not included in the district court's ruling. *DeVoss v. State*, 648 N.W.2d 56, 61–62 (Iowa 2002). The State's response to the motion for sanctions asserted (1) Iowa Code section 809A.12(7) precludes the award of sanctions under Iowa Rule of Civil Procedure 1.413(1); (2) the State had a right to rely on the five-year statute of limitation contained in section 809A.20; and (3) the doctrine of res judicata did not apply to the court of appeals' decision.

The State argues on appeal, because section 809A.12(7) provides "[t]he agency or political subdivision bringing the forfeiture action shall pay the reasonable attorney fees and costs . . . incurred by a claimant who prevails on a claim for exemption in a proceeding under this chapter, rule 1.413(1)'s sanctions cannot be used in a forfeiture proceeding brought under chapter 809A. This may be true if Williams claimed an exemption under section 809A.11. Williams, however, did not base her arguments for dismissal of the forfeiture action on section 809A.11. The sanc-

tion provisions of section 809A.12(7) are not applicable to this proceeding.

Iowa Code section 809A.12(16) applies the Iowa Rules of Civil Procedure to all proceedings under chapter 809A, unless otherwise provided by chapter 809A. Chapter 809A does not make any provision for sanctions when the court dismisses a forfeiture action on the grounds urged by Williams. Therefore, rule 1.413(1)'s sanctions are applicable to this case.

Rule 1.413(1) requires the person whose signature appears on the document to certify "(1) the signer has read the petition, (2) the signer has concluded after reasonable inquiry into the facts and law that there is adequate support for the filing, and (3) the signer is acting without any improper motive." *Schettler,* 509 N.W.2d at 465. We view the reasonableness of the attorney's inquiry into the facts and law at the time of the filing of the document. *Weigel v. Weigel,* 467 N.W.2d 277, 280–81 (Iowa 1991). The signer's conduct is measured by an objective standard. *Id.* at 281.

Williams asserts the State's commencement of the second forfeiture action was not well grounded in fact or law. In *Mathias v. Glandon,* 448 N.W.2d 443, 446–47 (Iowa 1989), we enumerated the circumstances we will consider to determine whether an attorney made a reasonable inquiry into the facts and law. The circumstances relevant to the State's conduct in filing the second forfeiture action are the complexity of the factual and legal issues in question, the clarity or ambiguity

of existing law, and the plausibility of the legal position asserted. *Id.* at 446.

When the State filed its second action for forfeiture, the State had possession of the currency, because Williams made no effort to have the currency returned to her after the district court received the procedendo. Further, there was no Iowa law discussing the interplay between the five-year statute of limitation of section 809A.20 and the ninety-day statute of limitation of section 809A.8(1)(a)(1). We, therefore, determine the record provides ample evidence to conclude counsel for the State exercised reasonable inquiry into the facts and law to support the filing.[2] Williams is not entitled to sanctions under rule 1.413(1).

## VI. Disposition.

We reverse the district court's order forfeiting the currency. We remand this case to the district court to enter an order dismissing the application for forfeiture order and ordering the return of $7,559.39 in United States currency to Williams as provided by Iowa Code section 809A.8(1)(a). We affirm the district court's refusal to award sanctions to Williams under rule 1.413(1).

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH DIRECTIONS.**

---

**2.** We are not ruling on the merits of the res judicata argument made by the State. We are only holding the State's inquiry into the facts and law is sufficient to satisfy the requirements of Iowa Rule of Civil Procedure 1.413(1).