# IN THE SUPREME COURT OF IOWA

No. 08–1369

Filed April 9, 2010

**IN THE MATTER OF PROPERTY SEIZED FOR FORFEITURE FROM MICHAEL WAYNE YOUNG,**

**MICHAEL WAYNE YOUNG,**

Appellant.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Black Hawk County, Jon C. Fister, District Court Judge, and Nathan A. Callahan, District Associate Judge.

Claimant seeks further review of the forfeiture of his handgun asserting that the governing statute violates procedural due process. **DECISION OF THE COURT OF APPEALS VACATED IN PART AND AFFIRMED IN PART; DISTRICT COURT JUDGMENT AFFIRMED.**

Michael Young, Tama, pro se.

Thomas J. Miller, Attorney General, Kevin Cmelik, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and Brad P. Walz, Assistant County Attorney, for appellee.

**APPEL, Justice.**

This case presents a question regarding the proper interpretation and constitutionality of a provision of Iowa forfeiture law. A property owner challenges the statutory scheme for a type of in rem forfeiture proceeding asserting that the code prevents him from filing an answer to the State's forfeiture complaint in violation of his right to procedural due process.

## I. Factual and Procedural History.

In 2002, a state trooper noticed a truck pulled over on the side of the road and conducted a welfare check on the occupants. Michael Young was seated in the driver's seat, had bloodshot, watery eyes, and was slow to respond to the trooper's questions. While conducting the check, the trooper observed a twelve-pack of beer on the passenger-side floorboard and an empty holster on the passenger seat. Young admitted that he had a loaded handgun under the front seat. He further stated that he had lost count of the number of alcoholic beverages he consumed.

The trooper placed Young under arrest and seized the handgun and ammunition. The State charged Young with illegal possession of a handgun in violation of Iowa Code section 724.4 (2001) and operating a motor vehicle while under the influence of alcohol in violation of section 321J.2.

More than five years after the gun and ammunition were seized, the State filed an in rem forfeiture complaint. Young filed a preanswer motion to dismiss, raising three issues. First, Young claimed that the forfeiture complaint violated the applicable statute of limitations because a notice of pending forfeiture was not filed within ninety days of the seizure of the property. Second, he claimed that the complaint violated

the general five-year statute of limitations for forfeiture actions as the last conduct, act, or omission giving rise to the forfeiture was more than five years prior to the commencement of the action. Third, Young asserted that the in rem forfeiture was unconstitutional because the Code specifically prevented him from filing an answer in violation of state and federal due process guarantees.

The district court rejected the first two arguments on the merits. The district court did not specifically rule on the constitutional issue, but instead allowed Young to file an answer to the State's in rem complaint. Young declined to file an answer, however, and the district court entered an order granting the State's application for forfeiture by default.

Young appealed. The court of appeals affirmed the district court's ruling. On the constitutional issue, a majority of the court of appeals held that Iowa Code section 809A.13(3) (2007) should be interpreted as not applying to cases where the State initiates an in rem proceeding without first serving a notice of forfeiture. Upon such an interpretation, aggrieved property owners would retain the ability to file an answer. A concurring opinion reached the same result, but did so by declaring Iowa Code section 809A.13(3) unconstitutional under the statute's plain meaning.

We granted further review. Upon further review, we limit consideration of this case to the constitutionality of Iowa Code section 809A.13(3) as applied. *See Botsko v. Davenport Civil Rights Comm'n*, 774 N.W.2d 841, 844 (Iowa 2009) (noting that when this court takes further review it may address all issues raised on appeal or limit discussion to selected issues).

## II.  Standard of Review.

The court's review of forfeiture proceedings is for correction of errors at law.  *In re Prop. Seized from DeCamp*, 511 N.W.2d 616, 619 (Iowa 1994).  To the extent that the petitioner raises constitutional issues, this court's review is de novo.  *In re Prop. Seized from Terrell*, 639 N.W.2d 18, 21 (Iowa 2002).

## III.  Discussion.

### A.  Overview of Iowa Code Chapter 809A.

1.  *In personam and in rem forfeiture procedures.*  Entitled the Forfeiture Reform Act, Iowa Code chapter 809A establishes two types of forfeiture proceedings—in personam and in rem.  Iowa Code §§ 809A.13, .14.  In personam forfeiture occurs pursuant to Iowa Code section 809A.14 and is not at issue in this case.

In rem proceedings are governed by Iowa Code chapter 809A.13. Under Iowa Code section 809A.13(2), an in rem action may be brought by the prosecuting attorney "pursuant to a notice of pending forfeiture or verified complaint for forfeiture."  The use of the term "or" in Iowa Code section 809A.13(2) indicates that there are two different ways in which an in rem proceeding might be brought.

2.  *In rem proceedings pursuant to a notice of pending forfeiture.* Under Iowa Code section 809A.13(2), an in rem proceeding may be brought "pursuant to a notice of pending forfeiture."  The Code provides that a notice of pending forfeiture must be served on the owner and interest holders of the property involved by personal service or certified mail, subject to certain exceptions.  Iowa Code § 809A.8(2)(*a*)–(*b*).  Once the notice of forfeiture is served, the owner or interested party may file within thirty days a claim in the property, a petition for recognition of an exemption, or an extension of time to file a claim or petition.  *Id.*

§ 809A.8(1)(*b*)(2). If a timely claim or petition for recognition of exemption is received, the prosecuting attorney may then file an action for judicial forfeiture under the timeline described in the Code. *Id.* § 809A.8(1)(*d*). If a timely claim or petition for recognition of an exemption is not received, the prosecuting attorney may proceed to dispose of the property according to Iowa Code sections 809A.16 and 809A.17. *Id.* § 809A.8(1)(*e*).

3. *In rem proceedings pursuant to a verified complaint.* The Code also authorizes the commencement of an in rem forfeiture proceeding through the filing of a verified complaint. *Id.* § 809A.13(2). This is a different procedure than that which arises through the filing of a notice of pending forfeiture. It amounts to a direct resort to courts rather than a process that involves the service of a notice of pending forfeiture and subsequent filing of claims and exemptions with the prosecuting attorney prior to invoking the judicial process.

While the prosecuting attorney is authorized to proceed directly to judicial process through the filing of a verified complaint under Iowa Code section 809A.13(2), the next provision of the Code contains a procedural limitation that appears to apply to all in rem forfeiture actions. That section provides, "Only an owner of or an interest holder in the property who has timely filed a proper claim pursuant to section 809A.11 may file an answer in an action in rem." *Id.* § 809A.13(3).

Under Iowa Code section 809A.11(1), a proper claim in seized property is timely filed "within thirty days after the effective date of notice of pending forfeiture." *Id.* § 809A.11(1). Where the prosecuting attorney commenced forfeiture pursuant to a verified complaint, however, there is no notice of pending forfeiture and no requirement that a claim be filed within thirty days. The only notice required for forfeiture of property

pursuant to an original verified complaint is service of the verified complaint itself. Literally read, Iowa Code section 809A.13(3) appears to prohibit an owner or interested party from defending a forfeiture initiated pursuant to a verified complaint.

**B.** **Statutory and Constitutional Issues Under Iowa Code Section 809A.13(3).** We begin our discussion by agreeing with all parties to this case that a statutory scheme which would allow the forfeiture of property without notice and an opportunity to be heard would violate due process under the United States and Iowa Constitutions.[1] U.S. Const. amend. XIV, § 1; Iowa Const. art. I, § 9; *see also Dusenbery v. United States*, 534 U.S. 161, 167, 122 S. Ct. 694, 699, 151 L. Ed. 2d 597, 604 (2002); *War Eagle Vill. Apartments v. Plummer*, 775 N.W.2d 714, 719 (Iowa 2009). The issue presented in this case, therefore, is whether Iowa Code section 809A.13(3) can be construed to allow aggrieved property owners and interested parties to file an answer to a verified forfeiture complaint.

One possible approach in this case is to avoid the constitutional problem by holding that the limitation in section 809A.13(3) simply does not apply to in rem proceedings commenced pursuant to a verified complaint. This approach makes sound policy sense and would conform to the presumption of statutory constitutionality and our mandate to construe statutes in a fashion to avoid a constitutional infirmity where possible. *Iowa City v. Nolan*, 239 N.W.2d 102, 103 (Iowa 1976).

Such a possibility, however, does not exist here. We conclude that the plain meaning of section 809A.13(3) does not allow for judicial rescue. The language is not ambiguous, *Carolan v. Hill*, 553 N.W.2d 882,

_____

[1]As a result, it is not necessary to consider whether the state due process clause should be construed in a fashion different from its federal counterpart. *See generally State v. Bruegger*, 773 N.W.2d 862 (Iowa 2009).

887 (Iowa 1996), and we are not confronted with conflicting statutory directives that must be harmonized or read in *pari materia*. *State v. Nail*, 743 N.W.2d 535, 540–41 (Iowa 2007). Instead, in section 809A.13(3) we have plain, straightforward language which prohibits a party from filing an answer where a timely claim has not been made. It is located under the general section applying to all in rem proceedings. There is no qualifying or limiting language in this or other related statutory provisions. In fact, the opposite is true, as the statute provides that "*[o]nly* an owner" who has filed a proper claim can file an answer. Iowa Code § 809A.13(3) (emphasis added). Though it is a matter of art rather than science, we conclude that we cannot avoid the constitutional issue posed by the plain language of Iowa Code section 809A.13(3). *See Carolan*, 553 N.W.2d at 887.

As a result of our approach to the statute, we conclude that the statute cannot be constitutionally applied in forfeiture proceedings commenced by verified petition. To do so would violate the due process rights of property owners or interested parties to notice and a meaningful opportunity to be heard. *Dusenbery*, 534 U.S. at 167, 122 S. Ct. at 699, 151 L. Ed. 2d at 604; *War Eagle Vill. Apartments*, 775 N.W.2d at 719.

Our approach, however, does not require reversal of the district court judgment in this case. Although the basis of the district court opinion is opaque, the district court afforded Young an opportunity to file an answer to the verified complaint of forfeiture. The district court did exactly what it should have done, namely, declined to apply the mandate of Iowa Code section 809A.13(3) to proceedings initiated by verified complaint and proceeded to provide Young with an opportunity to present an answer. In short, Young was afforded the process that was due—notice of the forfeiture and an opportunity to defend. The fact that

he chose to decline the constitutionally adequate opportunity to be heard below cannot be used as a bootstrap to create a constitutional infirmity on appeal.

### IV. Conclusion.

For the above reasons, the opinion of the court of appeals is vacated in part and affirmed in part, and the district court judgment is affirmed.

**DECISION OF THE COURT OF APPEALS VACATED IN PART AND AFFIRMED IN PART; DISTRICT COURT JUDGMENT AFFIRMED.**