# IN THE COURT OF APPEALS OF IOWA

No. 3-1207 / 13-0161
Filed April 16, 2014

IN THE MATTER OF PROPERTY SEIZED
FROM CLIFFORD MCNEAL,
Claimant.

_____

Appeal from the Iowa District Court for Wapello County, Kirk A. Daily, District Associate Judge.

The owner of certain property appeals a forfeiture order on the ground that the State failed to follow proper procedures in obtaining the order.  **AFFIRMED.**

Victoria Siegel of Siegel Law Office, Ottumwa, for appellant.

Thomas J. Miller, Attorney General, Mary A. Triick, Assistant Attorney General, Lisa Holl, County Attorney, and Andrew Ritland, Assistant County Attorney, for appellee State.

Considered by Danilson, C.J., and Vaitheswaran and Potterfield, JJ.

**VAITHESWARAN, J.**

The owner of certain property appeals a forfeiture order on the ground that the State failed to follow proper procedures in obtaining the order.

## I. Background Proceedings

The State filed an "in rem forfeiture complaint" seeking to forfeit a trailer owned by Clifford McNeal. McNeal filed a pre-answer motion to quash on the ground that the State "failed to file a Notice of Forfeiture, and to serve it, within the ninety days provided by the current legislation (809A.8(1)(a)(1))." The district court denied the motion, reasoning that the State had two separate methods of proceeding, and the method it chose did not require a ninety-day notice.

Approximately six weeks after the court's denial of the motion to quash, the State filed an "application for forfeiture order." The application asserted that "a proper answer was not filed with the Court within 20 days after service as required by Iowa Code section 809A.13(5)." The application sought immediate forfeiture of the property. The district court granted the application on the day it was filed, and this appeal followed.

McNeal now contends the district court lacked jurisdiction to forfeit the trailer. He relies on *In re Young*, 780 N.W.2d 726 (Iowa 2010), which, in his view, presents "identical" facts.

In *Young*, the Iowa Supreme Court held a provision of the forfeiture statute—Iowa Code section 809A.13(3) (2007)—unconstitutional because, when read literally, it "appears to prohibit an owner or interested party from defending a forfeiture initiated pursuant to a verified complaint." 780 N.W.2d at 728–29. The court nonetheless declined to reverse the forfeiture judgment because "the

district court afforded Young an opportunity to file an answer to the verified complaint of forfeiture." *Id.* at 729.

McNeal asserts that, like Young, he was "statutorily cut off from answering the verified petition" but, unlike Young he was not "provided an opportunity to answer." The State counters that this issue was not preserved for review. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("[I]ssue must ordinarily be both raised and decided by the district court before we will decide them on appeal."). We agree with the State.

McNeal's motion to quash was premised on the State's failure to provide notice of seizure or notice of pending forfeiture within ninety days of the seizure. Neither his motion nor supporting brief cited *Young* or its holding that due process required an opportunity to answer a verified complaint. Indeed, by styling his motion a "pre-answer motion to quash," McNeal implicitly conceded the availability of the option to answer.

At a hearing on his motion, McNeal's attorney confirmed *Young* did not raise the "same issue" she was raising. In her view, other precedent addressing notices of forfeiture was more pertinent and stood for the proposition that "you must give notice of forfeiture within 90 days of seizure or you are out, you are done." The prosecutor responded that *Young* was "very clear in making the distinction between commencement of proceedings by a verified complaint versus commencement of proceedings by a notice of pending forfeiture." He quoted an excerpt from the opinion, saying:

> Where the prosecuting attorney commenced forfeiture pursuant to a verified complaint, however, there is no notice of pending forfeiture and no requirement that a claim be filed within thirty days.

> The only notice required for forfeiture of property pursuant to an original verified complaint is service of the verified complaint itself.

See *Young*, 780 N.W.2d at 728; *see also* Iowa Code § 809A.13 (2011) (stating in rem action may be brought "pursuant to a notice of pending forfeiture or verified complaint for forfeiture").

The district court adopted the State's reasoning. The court made no mention of *Young's* holding that section 808A.13(3) was unconstitutional because it did not provide a property owner the chance to defend a forfeiture proceeding initiated by complaint. *See* 780 N.W.2d at 728–29

On this record, we conclude McNeal did not raise the question of whether he was unconstitutionally denied a right to answer the State's forfeiture complaint and the district court did not decide this issue. Accordingly, the issue was not preserved for our review.

Be that as it may, the record discloses that McNeal had an opportunity to file an answer to the forfeiture complaint. The State acknowledged this opportunity in its application for forfeiture order, filed almost five months after McNeal was served with the complaint. Accordingly, any assertion that McNeal was denied a right to defend the complaint would have been unsuccessful.

McNeal also appears to argue that the complaint procedure used by the State was "eliminated" by *Young* and the State's only recourse, therefore, was to proceed under the notice-of-forfeiture method, which it failed to properly pursue. As the district court pointed out, *Young* did not eliminate the forfeiture-by-complaint method; *Young* ratified that method as an alternate means of obtaining forfeiture. *See id.* at 728. Because the State was not required to seek forfeiture

pursuant to the notice-of-forfeiture method, it follows that the State was not required to utilize the procedures associated with that method.

We affirm the district court's forfeiture order.  In light of our conclusion, we find it unnecessary to address McNeal's request for sanctions.

**AFFIRMED.**