**IN THE COURT OF APPEALS OF IOWA**

No. 13-1922
Filed October 15, 2014

**IN THE MATTER OF PROPERTY SEIZED
FOR FORFEITURE FROM DEBRA
ARMSTRONG-HARRIS and MICHAEL HARRIS**

**DEBRA ARMSTRONG,**
      Appellant.
_____

      Appeal from the Iowa District Court for Marshall County, Steven J. Oeth,

Judge.

      A vehicle owner challenges a forfeiture order, claiming the State failed to

follow proper procedures in obtaining the order.  **AFFIRMED.**

      Thomas D. Hanson of Dickinson, Mackaman, Tyler & Hagen, P.C., Des

Moines, for appellant.

      Thomas J. Miller, Attorney General, Sharon K. Hall, Assistant Attorney

General, Jennifer Miller, County Attorney, and Benjamin J. Stansberry, Assistant

County Attorney, for appellee State.

      Considered by Vaitheswaran, P.J., and Doyle and McDonald, JJ.

**DOYLE, J.**

Debra Armstrong challenges a forfeiture order, claiming the State failed to follow proper procedures in obtaining the order. We affirm.

## I.    *Background Facts and Proceedings*

In November 2010, the State filed an "in rem forfeiture complaint" seeking to forfeit a 1995 Pontiac Firebird owned by Debra Armstrong-Harris and Michael Harris.[1]  In October 2011, Armstrong was personally served with the complaint at the Polk County Jail.  The complaint listed the "conduct giving rise to the forfeiture action" as: "Delivery of Methamphetamine, Possession of Methamphetamine, Possession of Methamphetamine with Intent to Deliver, Ongoing Criminal Conduct, Money Laundering, and/or Conspiracy to Commit Felony."  The complaint further provided:

> **SUMMARY OF PROCEDURES AND PROCEDURAL RIGHTS**
> 1. Persons with an interest in property the State seeks to forfeit by this In Rem Complaint, must file an Answer with the Marshall County Clerk of Court within thirty (30) days[2] after the service of this In Rem Complaint of Forfeiture.  THIS PERIOD CANNOT BE EXTENDED.
> 2. The Answer shall be in the form described in Iowa Code Section 809A.13(4) and must be signed under oath.
> 3. If a timely Answer is filed, the Court will schedule a hearing to the Court within sixty (60) days according to Iowa Code Section 809A.13(7).

Armstrong did not file an answer.

In August 2012, the State filed an "application for forfeiture order."  The application alleged "none of the possible claimants [Armstrong and Harris] have

---

[1] Debra Armstrong-Harris is now known as Debra Armstrong.  Michael Harris takes no part in this appeal.

[2] Iowa Code section 809A.13(5) (2011) provides an answer "shall be filed within *twenty days* after service on the claimant of the civil in rem complaint."  (Emphasis added.)

filed a timely claim or petition for recognition of exemption" and sought immediate forfeiture of the property. The district court approved the application on the day it was filed and entered a forfeiture order.[3]

In June 2013, Armstrong filed a "petition to vacate forfeiture order" under Iowa Rules of Civil Procedure 1.1012 and 1.1013,[4] alleging "[n]umerous procedural irregularities appear in these proceedings which impair and defeat the validity of the in rem forfeiture order and precluded Armstrong's rights to prevent the forfeiture of her automobile."[5] The State resisted Armstrong's petition.

---

[3] We note it appears from the record that Harris was incarcerated at a federal prison camp in West Virginia when the forfeiture order was entered. Rule of Civil Procedure 1.211 prohibiting entry of judgment against an incarcerated party, unless a guardian ad litem if appointed to represent a party's interest, did not require appointment of a guardian ad litem for Harris because the judgment entered in the forfeiture proceeding was a judgment against the property itself and not "against a party," as required for application of Rule 1.211. Under our forfeiture statute, the defendant in forfeiture proceedings is the property sought to be forfeited, not its owner. *See In re Property Seized From Hickman*, 533 N.W.2d 567, 568 (Iowa 1995).

[4] Meanwhile, a flurry of filings had taken place following Armstrong's receipt of the court's forfeiture order on her vehicle. In October 2012, Armstrong sent a letter to the district court, which the court treated as a request to set aside the default forfeiture order. Through counsel, Armstrong then filed an "application for extension of time to properly controvert proceedings for default in rem forfeiture order." The district court set Armstrong's application for extension of time for hearing. Following the hearing, the district court entered an order directing Armstrong to file a petition for relief under Iowa Rule of Civil Procedure 1.1012 within the prescribed time limit in order to challenge the forfeiture order.

[5] Specifically, an affidavit of Armstrong was attached to the petition, which alleged in part:

> 11. At no time before October 10, 2011, was I told or informed that my 1995 Trans Am was in the custody of Marshall County authorities or the State of Iowa. I was never told that the property was "seized" on September 1, 2010. In fact, I know it was taken three days before then.
>
> 12. I was never served with an In Rem Forfeiture Complaint before on or about October 10, 2011, while I was in the Polk County Jail awaiting sentencing. That was more than 10 months after the Complaint was filed. I was sentenced shortly thereafter, and although I tried to get the Complaint to my counsel, he apparently never received it although at the time, he was helping my mother with federal forfeiture proceedings on my homestead.

Following a hearing, the district court denied Armstrong's petition to vacate. Armstrong filed a "motion to reconsider or in the alternative second motion for relief under rule 1.1012," which the district court denied. Armstrong appeals.

## II.    Standard of Review

The parties assert our review is for correction of errors at law. Indeed, this court's review of forfeiture proceedings is for correction of errors at law. *In re Prop. Seized for Forfeiture from Young*, 780 N.W.2d 726, 727 (Iowa 2010). Armstrong's appeal, however, is taken from the district court's rulings on her petition to vacate the forfeiture order and motion to reconsider. "A proceeding for the vacation of a judgment is on assigned errors and is not triable de novo." *Stoner v. Kilen*, 528 N.W.2d 648, 650 (Iowa Ct. App. 1995). The district court is vested with considerable discretion when ruling on a petition to vacate judgment, and we will only reverse if that discretion has been abused. *Soults Farm, Inc. v. Schafer,* 797 N.W.2d 92, 109 (Iowa 2011). However, we are more inclined to find an abuse of discretion when relief has been denied than when granted. *Id.*

## III.    Discussion

On appeal, Armstrong claims the district court should have vacated the forfeiture order due to the State's "multiple failures to give timely notice." Specifically, Armstrong asserts no notice was given to her that her vehicle was seized in September 2010, and she was not served with the forfeiture complaint until October 2011 "just before she was transported to a federal penitentiary." Relying on Iowa Rule of Civil Procedure 1.1012, Armstrong claims these failures

amounted to procedural irregularities, which prevented her from defending the forfeiture action. *See* Iowa R. Civ. P. 1.1012(2), (5). We disagree.

The State seized Armstrong's vehicle in September 2010, initially following Armstrong's arrest for driving without a license, and again several weeks later following the execution of a search and seizure warrant for Armstrong's home and vehicle upon further investigation into Armstrong's drug-related criminal activity. *See* Iowa Code § 809A.6(1) (2011) (authorizing police to seize property upon issuance of a seizure warrant), (2) (authorizing police to seize property without process on probable cause). Armstrong then—according to her affidavit—attempted to locate the vehicle, but she did not file a claim for the return of the vehicle or otherwise request the release of the vehicle. *See In re Prop. Seized for Forfeiture from Williams*, 676 N.W.2d 607, 609 (Iowa 2004) (acknowledging the State's duty under section 809A.8(2)(b) to file a notice of pending forfeiture against the property within ninety days after seizure was triggered by the property owner's filing of a claim for the return of the seized property).[6]

In November 2010, the State filed with the district court an in rem forfeiture complaint describing the property, date, and location of the property's seizure

---

[6] As the court in *Williams* explained:

> Section 809A.8(1)(a)(1)'s requirement that notice of pending forfeiture be filed within ninety days is a special statutory limitation. It creates the State's right to forfeit the property in rem if an owner has requested the release of the property. In order to exercise its right of forfeiture under these circumstances, the State must comply with the time limits contained in the statute creating the right to forfeit the property. Section 809A.20's five-year limitation is a general statute of limitation. It sets an outer limit for commencing the civil forfeiture action to enforce the State's right of forfeiture.

676 N.W.2d at 613.

and conduct giving rise to the forfeiture action. *See* Iowa Code § 809A.13(1) (discussing judicial in rem forfeiture proceedings); (2) (allowing prosecuting attorney to bring an action in rem "pursuant to a notice of pending forfeiture or verified complaint for forfeiture"); *see also Young*, 780 N.W.2d at 728 (discussing the ways in which an in rem proceeding might be brought, one of which does not require a ninety-day notice). Armstrong was personally served with the forfeiture complaint in October 2011 at the Polk County Jail. *See id.* §§ 809A.13(2) ("The state may serve the complaint in the manner provided in section 809A.8, subsection 2, or as provided by the rules of civil procedure."); 809A.8(2)(a)(1) ("[S]ervice of an in rem complaint [if] the owner's or interest holder's name and current address are known, [shall be given] by either personal service by any person qualified to serve process or by any law enforcement officer or by mailing a copy of the notice by restricted certified mail to that address.").[7]

Armstrong had an opportunity to file an answer to the forfeiture complaint.[8] *See id.* §§ 809A.13(5) ("The answer shall be filed within twenty days after service

---

[7] Under section 809A.13(2), service could be accomplished pursuant to section 809A.8(2) or as provided in the rules of civil procedure. The rules of civil procedure prescribe an outer time limit for service. The legislature has not included a similar time limit in section 809A.8(2). We are troubled by the lengthy delay in effecting service of the complaint. But, in the absence of a statutory deadline, we decline to reverse on this basis.

[8] Although entitled an "in rem forfeiture complaint," the notice stated Armstrong could file an answer contesting forfeiture of the property. Armstrong does not allege section 809A.13(3) (2011) is unconstitutional, as recognized by the court in *Young*, which stated that when read literally, section 809A.13(3) "appears to prohibit an owner or interested party from defending a forfeiture initiated pursuant to a verified complaint." 780 N.W.2d at 728-29. Section 809A.13 has since been amended to eliminate that sentence of section 809A.13(3). *See* Iowa Code § 809A.13(3) (2013) (as amended by 2013 Iowa Acts ch. 41, § 1).

In any event, the *Young* court declined to reverse the forfeiture judgment because "the district court afforded Young an opportunity to file an answer to the verified

on the claimant of the civil in rem complaint."); 809A.8(2)(b) ("Notice is effective upon the earlier of personal service, publication, or the mailing of a written notice."). She did not file an answer. The State thereafter filed an application for final order of default forfeiture, asserting no answer had been filed by an interested party to contest forfeiture and seeking immediate forfeiture of the property. The court approved the application and entered a forfeiture order. *See id.* § 809A.16(3) ("[I]f a proper claim is not timely filed in an action in rem, or if a proper answer is not timely filed in response to a complaint, the prosecuting attorney may apply for an order of forfeiture and an allocation of forfeited property pursuant to section 809A.17. Under such circumstance and upon a determination by the court that the state's written application established the court's jurisdiction, the giving of proper notice, and facts sufficient to show probable cause for forfeiture, the court shall order the property forfeited to the state."); *see also In re Prop. Seized for Forfeiture from McNeal*, No. 13-0161, 2014 WL 1495487, at *2 (Iowa Ct. App. Apr. 16, 2014) ("McNeal had an opportunity to file an answer to the forfeiture complaint. The State acknowledged this opportunity in its application for forfeiture order, filed almost five months after McNeal was served with the complaint. Accordingly, any assertion that McNeal was denied a right to defend the complaint would have been unsuccessful."); *In re Prop. Seized for Forfeiture from Burgess*, No. 01-1968, 2002 WL 31757526, at *1-2 (Iowa Ct. App. Dec. 11, 2002) ("Burgess's failure to file a timely answer to

---

complaint of forfeiture." 780 N.W.2d at 729. Similarly, here, Armstrong had significant time to file an answer to the complaint.

the in rem complaint allowed the State to seek and obtain a forfeiture order without first complying with rule 1.972(2).").

Upon our review, we conclude the State followed the proper procedures in obtaining a forfeiture order. The district court was within its discretion to conclude service was proper within the general statutory provision and no special statutory limitations were applicable. Because Armstrong received personal service of an in rem forfeiture complaint, her assertion that she did not receive notice her property was seized is unfounded. And it was not until ten months later, during which Armstrong did not file an answer to the in rem forfeiture complaint, that the court entered the forfeiture order. Because the applicable statutory provisions required Armstrong to file an answer to the forfeiture notice in order to contest forfeiture, Armstrong's assertion that she was not allowed to defend the complaint is also unsuccessful.

We affirm the district court's ruling denying Armstrong's petition to vacate the forfeiture order regarding her vehicle.

**AFFIRMED.**