**IN THE COURT OF APPEALS OF IOWA**

No. 16-1676
Filed August 16, 2017

**IN THE MATTER OF THE PROPERTY SEIZED**
**FOR FORFEITURE FROM JESSY EARL FOLEY**

**JESSY EARL FOLEY,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Odell G. McGhee, District Associate Judge.

        Jessy Foley appeals the district court's order forfeiting cash seized from his person after eluding law enforcement officers.  **AFFIRMED.**

        Jessy Foley, Anamosa, pro se.

        Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.

        Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**MULLINS, Judge.**

Jessy Foley appeals the forfeiture of $513 in cash seized from his person after he eluded police officers. After officers seized the cash, Foley was provided notice of seizure for forfeiture. The State then filed an in rem forfeiture complaint. The complaint provided specific requirements for Foley's answer. In relevant part, the complaint states:

> To contest this forfeiture, you must file an Answer with the Polk County Clerk of Court within twenty (20) days of the service of the In Rem Forfeiture Complaint. Failure to file an Answer within this time period extinguishes your right in this property. To preserve your interest in this property, your Answer must comply with Section 809A.13 of the Iowa Code [(2016)]. The Answer must be signed under penalty of perjury and must contain all of the following:
>
> A. The caption of the proceedings and identifying number, if any, as set forth on the notice of pending forfeiture or complaint and the name of the claimant;
> B. The address where the claimant will accept mail;
> C. The nature and extent of the claimant's interest in the property;
> D. The date, the identity of the transferor, and the circumstances of the claimant's acquisition of the interest in the property;
> E. The specific provision of this chapter relied on in asserting that it is not subject to forfeiture;
> F. All essential facts supporting each assertion;
> G. The specific relief sought pursuant to Sections 809A.13(4) and 809A.13(5) of the Iowa Code.

Foley's answer failed to comply with the specific requirements in several ways and more closely resembled a letter rather than an answer. His answer stated:

> To Whom it May Concern:                                    5-7-2016
>
> My name is Jessy Foley i [sic] am writing this letter to reply to a property seized for forfeiture letter I received for $513.00 U.S. currency that was seized on March 15th, 2016 when I was arrested

for escape. It say's [sic] the U.S. currency was seized because it was involved in Drug Trafficking, I was not arrested for any drug charges or had Drugs [sic] in my possesion [sic], the U.S. currency I had in my possesion [sic] was money I saved from working at Titan Tire through D.E.S. staffing and I-80 Concrete and Designs I was employed in 2015 before going to prison in 2015. I am currently in Anamosa State Penitentary [sic] the address is 406 N. High St. Anamosa, Ia 52205-1157 Thank you for your time

Jessy Foley [inmate number]

The State then filed an application for order of forfeiture claiming Foley failed to file a proper answer, citing Foley's failure to sign the answer under penalty of perjury as required by Iowa Code section 809A.13(4) and noted in the complaint. After several continuances for unspecified reasons, the district court held a hearing regarding the disposition of the seized cash. The district court concluded Foley's answer was not proper because Foley failed to sign it under penalty of perjury, as required by section 809A.13(4). As a result, the district court forfeited the cash to the State. Foley then filed this timely appeal.

On appeal, Foley makes several claims. First, Foley challenges the sufficiency of the evidence supporting forfeiture. Second, he argues the district court abused its discretion by permitting a continuance. Third, he claims evidence shows the cash was exempt from forfeiture. Fourth, Foley argues even if his answer was improper, it contained the information necessary to reach the merits of the forfeiture claim. Fifth, Foley restates his challenge to the sufficiency of the evidence arguing the State's basis for forfeiture was based on speculation. In each claim, Foley alleges broad constitutional violations.

Forfeiture proceedings are reviewed for correction of errors at law. *In re Young*, 780 N.W.2d 726, 727 (Iowa 2010). To the extent constitutional issues

are raised, our review is de novo. *Id.* "Forfeitures are not favored under the law and this court strictly construes statutes allowing forfeiture." *In re Williams*, 676 N.W.2d 607, 612 (Iowa 2004) (citing *State v. Kaufman*, 201 N.W.2d 722, 723 (Iowa 1972)).

We first address Foley's claim that even if his answer was improper, it contained the information necessary to reach the merits of the claim. Foley does not deny he failed to comply with the statutory requirements of Iowa Code section 809A.13(4). In fact, Foley's answer (1) failed to provide the caption of the proceeding, in violation of section 809A.13(4)(a); (2) failed to mention any provision of chapter 809A relied upon to assert the cash was not subject to forfeiture, in violation of section 809A.13(4)(e); (3) failed to state the specific relief sought, in violation of 809A.13(4)(g); and (4) was not signed under penalty of perjury, in violation of section 809A.13(4). However, the district court limited its reasoning for dismissal to Foley's failure to sign his answer under penalty of perjury.

The legislature created specific requirements, in addition to the general requirements of Iowa Rule of Civil Procedure 1.405, for an answer to an in rem forfeiture complaint. *See* Iowa Code § 809A.13(4). These requirements are more specific and more detailed than the general answer requirements listed in Iowa Rule of Civil Procedure 1.405. *Compare id.* (requiring signature under penalty of perjury among other requirements), *with* Iowa R. Civ. P. 1.405 (not requiring signature under penalty of perjury). This difference indicates the legislature deemed the specific requirements of section 809A.13(4) essential to this specific type of answer and intended to create a special statutory limitation.

*See Arnold v. Lange*, 259 N.W.2d 749, 751–52 (Iowa 1977) (noting the legislature may require compliance with conditions under which a right may be asserted). We are not at liberty to overlook statutory requirements.

We next consider whether Foley's answer was in compliance with section 809A.13(4). *See id.* (noting substantial compliance with special statutory limitation is sufficient). "This is an important requirement because the 'under penalty of perjury' language, like the administration of an oath by an official, acts to bind the conscience of the person and emphasizes the obligation to be truthful." *State v. Carter*, 618 N.W.2d 374, 378 (Iowa 2000). If Foley had included some language in his answer that indicated an effort at compliance with the penalty-of-perjury provision, we could evaluate whether such language substantially complied with the statutory requirement. But, without some language showing an effort at compliance with the "under penalty of perjury" requirement, the answer is fundamentally flawed. If we were to accept Foley's answer without a signature under penalty of perjury, we would effectively exempt Foley from possible prosecution for perjury while claimants who comply with section 809A.13(4) would remain subject to possible prosecution for perjury.

Foley notes he is pro se, suggesting he should be held to a lower standard than a party represented by a lawyer. This argument is unavailing.

> We do not utilize a deferential standard when persons choose to represent themselves. The law does not judge by two standards, one for lawyers and the other for lay persons. Rather, all are expected to act with equal competence. If lay persons choose to proceed pro se, they do so at their own risk. Thus, we review this issue without regard as to whether [a party] did or did not employ legal representation.

*Metro. Jacobson Dev. Venture v. Bd. of Review*, 476 N.W.2d 726, 729 (Iowa Ct. App. 1991). Further, the complaint served on Foley stated what his answer required, including a signature under penalty of perjury. He needed no special legal knowledge but needed only follow the instructions set forth in the complaint. Foley's failure to comply with the requirement is due to his own oversight.

We find the district court properly dismissed Foley's action based on his failure to provide a proper answer. While this resolution is dispositive of Foley's appeal, we note we would be unable to address Foley's various claims questioning the sufficiency of the evidence due to his failure to provide the court with a transcript of the August 26, 2016 proceeding. *See* Iowa R. App. P. 6.803(1); *Estes v. Progressive Classic Ins. Co.*, 809 N.W.2d 111, 115–16 (Iowa 2012) ("Failure to provide a record requires us to affirm the district court's judgment."). Foley also argues the court abused its discretion when granting a continuance. We find no abuse of discretion in the scheduling decisions made by the district court.

**AFFIRMED.**