# IN THE COURT OF APPEALS OF IOWA

No. 16-1640
Filed November 23, 2016

**IN THE INTEREST OF A.T.,**
**Minor Child,**

**T.L., Father,**
　　　Appellant.
_____

　　　Appeal from the Iowa District Court for Cerro Gordo County, Peter B. Newell, District Associate Judge.


　　　A father appeals from the juvenile court's order terminating his parental rights. **AFFIRMED.**


　　　Michael J. Moeller of Sorensen & Moeller Law Office, Clear Lake, for appellant father.

　　　Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd, Assistant Attorney General, for appellee State.

　　　Crystal L. Ely of North Iowa Youth Law Center, Mason City, attorney and guardian ad litem for minor child.


　　　Considered by Vogel, P.J., and Tabor and Mullins, JJ.

**MULLINS, Judge.**

A father appeals from the juvenile court's order terminating his parental rights to his child, A.T., born in 2014. He argues the State failed to make reasonable efforts to reunify him with his child and an exception to termination exists because the child is placed with a relative. He also maintains his due process rights were violated because he did not have a court-appointed attorney during the child-in-need-of-assistance (CINA) proceedings. Finally, he contends the juvenile court should have granted him an additional six months to work toward reunification.

We review termination-of-parental-rights proceedings de novo. *In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016). "We are not bound by the juvenile court's findings of fact, but we do give them weight, especially in assessing the credibility of witnesses." *Id.* (quoting *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014)). Our primary consideration is the best interests of the child. *See In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006).

The juvenile court terminated the father's parental rights pursuant to Iowa Code section 232.116(1)(e) and (h) (2015).[1] The father claims his due process rights were violated because he was not provided a court-appointed attorney while he was incarcerated during the CINA case. *See* Iowa Code § 232.89(1) (providing a right to appointed counsel). The father also contends the State failed to prove it offered reasonable reunification efforts as part of its proof the child could not be returned to his care at the time of the termination hearing. *See*

---

[1] The mother consented to the termination of her parental rights under Iowa Code section 232.116(1)(a); she does not appeal.

*In re C.B.*, 611 N.W.2d 489, 493 (Iowa 2000). The State contends error was not preserved on either of these claims because the father did not raise the issues prior to the termination hearing and the juvenile court did not rule on them.[2]

"It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002); *see In re K.C.*, 660 N.W.2d 29, 38 (Iowa 2003) ("Even issues implicating constitutional rights must be presented to and ruled upon by the district court in order to preserve error for appeal."). The record shows the father's attorney raised these concerns—the father's lack of legal representation during the CINA proceedings and the State's failure to make reasonable reunification efforts—at the termination hearing. However, our review of the record shows the father did not ask the juvenile court to rule on these complaints[3] and the court did not rule on them. "When a district court fails to rule on an issue properly raised by a party, the party who raised the issue must file a motion requesting a ruling in order to preserve error for appeal." *Meier*, 641 N.W.2d at 537; *see In re A.M.H.*, 516 N.W.2d 867, 872 (Iowa 1994) (holding a party must draw overlooked issues to

---

[2] In his petition, the father maintains error was preserved for our review "by the filing of the NOTICE OF APPEAL . . . within the time required." "While this is a common statement in briefs, it is erroneous, for the notice of appeal has nothing to do with error preservation." Thomas A. Mayes & Anuradha Vaitheswaran, *Error Preservation in Civil Appeals in Iowa: Perspectives on Present Practice*, 55 Drake L. Rev. 39, 48 (2006) (footnote omitted) (explaining, "[a]s a general rule, the error preservation rules require a party to raise an issue in the trial court and obtain a ruling from the trial court"). The purpose behind our error-preservation rules is to ensure the juvenile court had an opportunity to avoid or correct errors and to provide the appellate court with an adequate record to review any purported errors. *State v. Pickett*, 671 N.W.2d 866, 869 (Iowa 2003). The father's timely notice of appeal, without more, is not sufficient to preserve this alleged error for our review. *See In re K.C.*, 660 N.W.2d at 38.

[3] The father's complaints did not include any alleged due process violations.

the court's attention through a motion pursuant to Iowa Rule of Civil Procedure 1.904(2) to preserve the issue for appeal); *see also State Farm Mut. Auto. Ins. Co. v. Pflibsen*, 350 N.W.2d 202, 206–07 (Iowa 1984) ("It is well settled that a rule [1.904(2)] motion is essential to preservation of error when a trial court fails to resolve an issue, claim, defense, or legal theory properly submitted to it for adjudication."). The father did not file such a motion.[4] Therefore, error on these claims was not preserved for our review.[5]

Next, the father claims the juvenile court should not have terminated his parental rights because the child is placed with a relative.[6] Iowa Code section 232.116(3)(a) provides "[t]he court need not terminate the relationship between the parent and child if . . . [a] relative has legal custody of the child." The application of section 232.116(3) is permissive, not mandatory. *In re A.M.*, 843 N.W.2d at 113. "The court has discretion, based on the unique circumstances of

---

[4] Furthermore, the record reveals the father did not raise the issue of whether the State made reasonable efforts to reunify the family prior to the termination hearing. *See In re T.S.*, 868 N.W.2d 425, 442 (Iowa Ct. App. 2015) ("While the State has an obligation to provide reasonable services to preserve the family unit, it is the parent's responsibility 'to demand other, different, or additional services *prior to* the termination hearing.' Complaints regarding services are properly raised 'at removal, when the case permanency plan is entered, or at later review hearings.' When a parent 'fails to request other services at the proper time, the parent waives the issue and may not later challenge it at the termination proceeding.' Similarly, we will not review a reasonable efforts claim unless it is raised prior to the termination hearing." (citations omitted)).

[5] The father does not dispute the child is under the age of three, has been adjudicated CINA, has been removed from his physical custody for at least six months of the last twelve months, and could not be returned to his care at the time of the termination hearing due to his incarceration. *See* Iowa Code § 232.116(1)(h). We affirm the juvenile court's order terminating the father's parental rights under paragraph (h). *See In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010) (holding, when a juvenile court terminates parental rights on more than one ground, we may affirm the order on any of the statutory grounds supported by clear and convincing evidence).

[6] The father does not argue termination was not in the child's best interests; therefore, the argument is waived. *See Hyler v. Garner*, 548 N.W.2d 864, 876 (Iowa 1996) ("[W]e will not speculate on the arguments [appellant] might have made and then search for legal authority and comb the record for facts to support such arguments.").

each case and the best interests of the child, whether to apply the factors in this section to save the parent-child relationship." *In re D.S.*, 806 N.W.2d 458, 475 (Iowa Ct. App. 2011).

After reviewing the record in its entirety, we agree with the juvenile court that any exception to termination should not be applied in this case. *See In re C.K.*, 558 N.W.2d 170, 174 (Iowa 1997) ("An appropriate determination to terminate a parent-child relationship is not to be countermanded by the ability and willingness of a family relative to take the child."). The father has not seen his child since the CINA proceedings began in early October 2015. The child has lived with his maternal grandparents since his removal at that time. The grandparents are willing to adopt him and are able to meet his needs. Termination and adoption will provide this child with the permanency and stability he deserves. *See In re P.L.*, 778 N.W.2d 33, 41 (Iowa 2010) ("It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child."); *In re L.M.F.*, 490 N.W.2d 66, 68 (Iowa Ct. App. 1992) (holding, once the statutory grounds for termination have been proved, termination is in the child's best interests, even if the child is placed with a relative).

Finally, the father contends the juvenile court should have granted his request for an additional six months to fully participate in all court-ordered recommendations, including substance-abuse treatment, mental-health treatment, and other services. In order to extend a child's placement for an additional six months, the juvenile court must find the need for removal will no

longer exist at the end of the six-month period. *See* Iowa Code § 232.104(2)(b). There is nothing in the record to indicate the father would be able to care for A.T. in six months. At the time of adjudication in October 2015, the father was on probation for possession of a controlled substance with intent to deliver, having recently been released from a halfway house. The father chose not to have contact with the child and not to participate in services after the CINA case was opened. In December 2015, the father was arrested for violating his probation, arising from charges of operating while intoxicated, driving while revoked, and interference with official acts. He remained incarcerated through the termination hearing in September 2016. We cannot ask this child to continuously wait for his father to become a stable parent. *See In re D.W.*, 791 N.W.2d at 707. "[A]t some point, the rights and needs of the child[] rise above the rights and needs of the parent." *In re C.S.*, 776 N.W.2d 297, 300 (Iowa Ct. App. 2009).

For the foregoing reasons, we agree with the juvenile court's decision to terminate the father's parental rights to his child. Accordingly, we affirm.

**AFFIRMED.**